IN RE H. A. GARDNER.—119 S. W. (2d) 50.

Springfield Court of Appeals.   October 18, 1938.

*E. W. Jones* for informants.

*John S. Farrington* and *L. L. Collins* for respondent.

FULBRIGHT, J.—Heretofore, on July 28, 1938, a decision was rendered by this court (In re Gardner, 119 S. W. (2d) 50) suspending respondent's license to practice law in the State of Missouri for a period of one year and until payment has been made of the costs of this proceeding.   Thereafter, on September 15, 1938, respondent filed his motion to retax and disallow certain items of costs which informants seek to have allowed and taxed against him.

In numerous cases the courts of this State have taxed the costs against the accused as a part of his punishment. [In re Conrad, 105 S. W. (2d) 1; In re Farris, 105 S. W. (2d) 921; In re Noell, 96 S. W. (2d) 213; In re Gallant, 95 S. W. (2d) 1249; In re Tall, 93 S. W. (2d) 922.] It further appears that the taxing of costs in disbarment cases is discretionary with the court. [Supreme Court Rule 36, Section 8; Section 11713, R. S. Mo. 1929; Corpus Juris Secundum, Vol. 7, page 812, section 39.]

We are without a rule or precedent to guide us in determining what costs the court, within its discretion, may properly tax under the judgment in this proceeding. However, it occurs to us that Rule 36 of the Supreme Court and the statutes contemplate costs legally incurred in the court in which the proceeding was held, and that the statutes governing costs in civil suits should be applied so far as practicable. The opinion in the instant case states that this "is an original proceeding in this court seeking the disbarment of the respondent, H. A. Gardner. *It was instituted by information filed May 16, 1936.*" After reviewing the case and reaching its conclusion the court rendered the following judgment: "It is therefore the order and judgment of this court that the license of respondent, H. A. Gardner, to practice law in the State of Missouri shall be suspended for a period of one year from the effective date of the judgment herein and until payment has been made of the costs of this proceeding."

As we view it, the preliminary investigation conducted under the provisions of Supreme Court Rule 36, Paragraph 3, is not a part of the proceeding in this court. The hearing was *ex parte* and conducted in a summary and informal manner. Respondent was not a party thereto and had no notice thereof. "Such investigations and hearings are summary in character, not adversary in any proper sense, but intended to enable members of the committee to determine whether the facts are supported by credible evidence and are sufficient to warrant the institution of a proceeding by information to discipline or to disbar." [In re Sparrow, 90 S. W. (2d) 401.] We do not think it is within the discretion of this court, under the judgment rendered, to tax the costs of the preliminary investigation which were incurred prior to formal notice to the accused. It is therefore our conclusion that the costs of said investigation in the amount of $225.78 should be abated.

Another item about which respondent complains and seeks to have disallowed is the *per diem* to George W. Lodge, official court reporter, for fourteen days at $10 per day, aggregating $140. The testimony in this proceeding was transcribed for which the official court reporter has been allowed $810 as shown by the statement of costs. Allowance of *per diem* where charges are made and col-

lected for transcribing testimony, we think, is without statutory authority, and the sum of $140 is disallowed and abated.

Respondent further asks that an item of $30.20 taxed as costs in favor of Guy A. Price, constable, for a trip made to Arkansas, near Siloam Springs, where he subpoenaed three witnesses, Ed Walker, Dell Walker and Alta Sloan, be disallowed. Certainly, the constable was without authority to subpoena witnesses in the State of Arkansas, and such charge is unlawful and should be abated. Furthermore, fees allowed Ed Walker and Dell Walker for their attendance under such void subpoena, in the amount of $9.55 each, should be disallowed.

Respondent seeks by his motion to have numerous other items retaxed for various reasons which we think are without merit. One of the reasons urged as to many of the items is that the witnesses were subpoenaed upon void process issued by the commissioner in this case and not by the clerk as required by law. The commissioner was duly empowered by this court to issue subpoenas, as well as by Section 1759, Revised Statutes of Missouri, 1929. [State ex inf. v. Arkansas Lumber Co., 260 Mo. 212, 169 S. W. 145.]

It is therefore the order and judgment of this court that the motion of respondent to retax and disallow costs be and the same is hereby sustained and costs abated as to the following items: Costs of preliminary investigation, $225.58; *per diem* of official court reporter, $140; fees of Guy A. Price, constable, $30.20; fees of Ed Walker, witness, $9.55; and fees of Dell Walker, witness, $9.55, aggregating $414.88; and that in all other particulars said motion be and the same is hereby overruled. *Allen, P. J.,* and *Smith, J.,* concur.