**John Lee WASEM, D.D.S., Plaintiff-Respondent,**

v.

**MISSOURI DENTAL BOARD, Defendant-Appellant.**

**No. 32086.**

St. Louis Court of Appeals.

Missouri.

July 19, 1966.

Joseph L. Walsh, St. Louis, for plaintiff-respondent.

Norman H. Anderson, Atty. Gen., John H. Denman, Asst. Atty. Gen., Edgar M. Eagan, Cullen Coil, Jefferson City, for Missouri Dental Bd.

CLEMENS, Commissioner.

Dr. John Lee Wasem is a 47-year-old dentist, practicing at Aurora, in Lawrence County. On November 6, 1963, in the Circuit Court of Greene County, he pleaded guilty to a charge of feloniously abetting an abortion. The appeal now before us grows out of proceedings by which the Missouri Dental Board revoked Dr. Wasem's license to practice dentistry. He appealed to the circuit court, and when that court set aside the revocation, the Board appealed to this court. We must decide whether disciplinary action is warranted and, if so, what discipline is proper.

Chapter 332, V.A.M.S., regulates the practice of dentistry and creates the five-member Missouri Dental Board. Our prime concern is with § 332.160. It provides that a dentist's license *may* be revoked or suspended for conviction of a felony involving moral turpitude. The section sets up the procedure for hearings before the Board. And, by paragraphs 6, 7 and 8, it charts this course for appeals from the Board's orders: When an appeal is taken, the Board certifies its records to the circuit court. That court tries the case de novo as a suit in equity, and renders such decision as the Board should have rendered. Either party may appeal from the circuit court, in the same manner as in other civil actions.

This mode of appeal is unique. Appeals from other regulatory agencies are by statutory administrative review or by certiorari, testing only the sufficiency of the record to support the action taken below. By stark contrast, appeals taken from hearings under § 332.160 impose the novel responsibility, first on the circuit court and then on this court, to decide the case de novo and to render the decision which the Board should have rendered. Thus, it is for us now to determine whether Dr. Wasem should be disciplined and, if so, what that discipline should be.

The case has traveled this course: When the Attorney General notified the Missouri Dental Board of Dr. Wasem's conviction, the Board gave notice of a hearing, to be held in St. Louis. At that hearing both the State and Dr. Wasem were represented by counsel. The State put in evidence of the information and the judgment against Dr. Wasem. He put in evidence of his good character and conduct as a citizen and as a dentist.

The Board took the case under advisement. Later it issued its order, revoking Dr. Wasem's certificate of registration and license to practice dentistry. Dr. Wasem posted bond and appealed to the Circuit Court of the City of St. Louis, which ordered a temporary stay of the Board's order of revocation and set the cause down for trial.

The Board then certified its record to the circuit court. Although § 332.160 requires that the circuit court shall hear such a case de novo as a suit in equity, no further evidence was adduced. Instead, the parties stipulated that the cause be submitted upon the record of proceedings previously held before the Board, and this was done. After oral argument and memoranda, the circuit court entered a decree "that the Order of the Missouri Dental Board revoking the certificate of registration and revoking the license of John Lee Wasem to practice dentistry in the State of Missouri is hereby set aside and for naught held *and the case is remanded to the said Board for further proceedings.*" (Our emphasis.) The trial judge filed a memorandum. It showed that the circuit court's decree was based upon a *review* of the Board's action, rather than upon an independent consideration of the law and the evidence, as required in trials de novo. The circuit court refused to rule upon the Board's after-trial motion, and it has appealed. The parties have presented excellent briefs.

■ As said, § 332.160 requires the circuit court to take the case on appeal from the Board and try it de novo as a suit in equity. Hence, the Board's revocation of Dr. Wasem's license was not binding on the circuit court. That statute also says that the appeal to this court is taken as in other suits in equity. Our first task, therefore, is to consider the law and the evidence; and our final duty is to reach our own conclusions, and to enter or direct such decree as we believe the circuit court should have rendered. Long v. Willey, Mo., 391 S.W.2d 301 [9]; Anderson v. Curls, Mo. App., 309 S.W.2d 692 [2]. And, since the circuit court tried the case on the transcript and heard no live witnesses, the usual rule of deference to credibility is without force. Schwartz v. Shelby Construction Co., Mo., 338 S.W.2d 781 [6]. So much for the *scope* of our consideration of the case.

■ The record clearly shows that Dr. Wasem was convicted of a felony involving moral turpitude. Since the case had come before the circuit court for a trial de novo, and since revocation or suspension of Dr. Wasem's license was permissible, the trial court should have rendered a decree discharging Dr. Wasem or a decree revoking or suspending his license. It did neither. It "set aside" the Board's order and remanded the case to the Board "for further proceedings." Such a decree was neither supported by the record nor authorized by § 332.160. We must therefore reach our own conclusion as to the proper decree. Before doing this, we take up three procedural points raised by Dr. Wasem's brief. They stress adverse rulings made by the Board and by the circuit court.

■ First, Dr. Wasem argues that the Board was prejudiced against him by an error in the Attorney General's affidavit whereby the State gave notice to the Board of Dr. Wasem's conviction. The conviction was for advising and giving an instrument to a woman to produce an abortion. The affidavit stated that Dr. Wasem had been convicted "of the felony of abortion committed upon the person" of a woman. Dr. Wasem unsuccessfully moved the Board to make the affidavit more definite and to dismiss the accusation, contending that he was thereby accused of a more grievous offense than his conviction. The Board had before it the Prosecuting Attorney's information against Dr. Wasem and the court's judgment of his conviction. That was the basis of the disciplinary action. The Board could hardly be prejudiced by the Attorney General's affidavit framed in different language. But even if the Board was prejudiced, that condition evaporated when the case went to trial de novo in the circuit court. Stutz v. Cameron, 254 Mo. 340, 162 S.W. 221 [4].

■ Next, Dr. Wasem urges error in the circuit court's denial of his motion to vacate the Board's order. He based this motion on the ground that the Board certified its transcript on the thirteenth day after his appeal, instead of within the ten-day period

specified by paragraph 5 of § 332.160, V.A.M.S. Dr. Wasem contends that the statute is penal and should be strictly construed against the Board, and that therefore the Board's order of revocation was nullified by its failure to send up its certificate three days sooner. The contention is without merit. First, the record does not clearly demonstrate the Board's tardiness. Second, no prejudice to Dr. Wasem is demonstrated, or conceivable.

■ Last, Dr. Wasem says that at the hearing in the circuit court he was prejudiced by the Attorney General's comment that he had not testified at the hearing before the Board. He now contends that he could not have testified in explanation of his offense or his conviction, citing In re Lurkins, Mo., 374 S.W.2d 67 [2, 3]. Dr. Wasem gives no page reference to the transcript to support this contention. The only thing we find is the Attorney General's explanation of the testimony before the Board, in which he casually mentioned the obvious fact that Dr. Wasem had not testified. We deny the point on three grounds: There was no objection to the comment. The Lurkins case fails to support Dr. Wasem's contention. Having prevailed in the trial court, Dr. Wasem was unharmed by the comment, and we give it no weight.

We move now to the merits. As said, the parties chose to submit the case to the trial court upon the evidence adduced before the Board. It is now before us on the same evidence.

The State's evidence was limited to the information and the judgment of Dr. Wasem's conviction. The information charged " * * * that John Lee Wasem on or about July 18 and July 25th and August 1st, 1962, at the said County of Greene, State of Missouri, did then and there wilfully, unlawfully and feloniously, with intent to produce or promote an abortion, did advise and give to a woman [naming her] an instrument to produce an abortion * * *." This followed the language of § 559.100, V.A.M.S. The judgment recited that Dr. Wasem "is adjudged guilty on his confession on November 6, 1963 of the crime of Felony of Abortion as charged in the information returned against him by said Prosecuting Attorney." After showing allocution, the judgment recited that the court sentenced Dr. Wasem to three years' imprisonment, and temporarily stayed execution. This was the State's evidence.

Dr. Wasem then presented evidence to the Board. First, he introduced the court record showing he had been granted a judicial parole. He then put in evidence showing that he was of good character, personally and professionally; that he had been married for twenty years and was the father of two daughters. His evidence showed he had fourteen years of distinguished military service, first as a soldier and later as a dental officer in the Navy; that he was on active duty at sea during both World War II and the Korean conflict; and that he arose to the rank of Lieutenant Commander in the Naval Reserve by the time of his discharge in 1957. Dr. Wasem's evidence showed he had practiced dentistry in St. Louis before he moved to Aurora. He introduced letters and affidavits from five prominent citizens of the Aurora community attesting his reputation as a moral, law-abiding citizen and a competent dentist, both before and after his conviction. An affidavit from an Aurora dentist concurred, pointing to Dr. Wasem's skill in treating children and recommending that he be permitted to continue in practice. The manager of a home for aged persons testified to Dr. Wasem's custom of doing charitable dental work for indigent patients. Three St. Louis dentists (one of them a past president of the Missouri Dental Board) testified they knew Dr. Wasem while he practiced in St. Louis. They, too, told of his professional competence and his previous good reputation. Each recommended that he be permitted to continue his dental practice.

■ To this evidence we must apply the law concerning disciplinary actions.

Certain fundamental principles guide us in exercising this power of the State to regulate or prohibit the practice of a profession That right is not absolute: it is held in trust for the benefit of the public. The public should be protected from the taint of felonious conduct by those to whom the State has entrusted the care and welfare of their physical and material well-being. In re Downs, Mo., 363 S.W.2d 679, l. c. 691. As said there, the thread of logic running through disciplinary cases reveals that their purpose is to protect the public from the practice of professions by persons unfit or unworthy to serve, to uphold the ethics and dignity of the profession, and to maintain the public's confidence therein. In re Ellis (banc), 359 Mo. 231, 221 S.W.2d 139 [2]; In re Canzoneri, Mo., 334 S.W.2d 30 [2]. By licensing a person to practice the healing arts, the State bestows its seal of approval upon that person and certifies him to be not only a competent practitioner but a person of good moral character who will be honorable and reputable in his professional conduct. State ex rel. Lentine v. State Board of Health, 334 Mo. 220, 65 S.W.2d 943, l. c. 950. Revocation or suspension of a professional license for just cause is a valid exercise of the State's police power to protect the public health. Lentine case, supra, n. 4.

■  But, there is still another set of pertinent principles, adopted to restrain the State's intemperate exercise of this power. Punishment of the offender is not the purpose of a disciplinary action. Instead, we should weigh all the circumstances, including the previous and subsequent conduct of the offender; we should impose a penalty that will serve "as a deterrent to others, and as an indication to laymen that the court will maintain the ethics of the profession"; and we should resort to revocation only when no other action will suffice. In re Moon, Mo., 310 S.W.2d 935 [3, 4]; In re Landon, Mo., 319 S.W.2d 553

[2]; In re Gardner, 232 Mo.App. 502, 119 S.W.2d 50 [3, 4].

There are factors here that warrant the penalty of revocation: Dr. Wasem was convicted upon his plea of guilty to feloniously advising and furnishing a woman with an instrument to produce an abortion. This criminal conduct did not occur on the spur of the moment, but on three separate days, one week apart. This revealed a deep fault in Dr. Wasem's moral structure. The conviction, of necessity, cast a pall on the dental profession. Its natural tendency was to diminish the public's confidence in that profession. These factors, however, do not stand alone.

We consider others: There is no doubt of Dr. Wasem's high professional competence. Before his conviction he deserved and enjoyed a reputation for good character among his acquaintances, his patients, and his fellow dentists. That reputation has not been shattered by his conviction. His criminal conduct was an isolated incident in an otherwise unblemished career. In granting Dr. Wasem a parole from the sentence of imprisonment, the Circuit Court of Greene County voiced its belief that Dr. Wasem would not again violate the law.

■  These factors, pro and con, now rest in the balance. We have weighed them, deliberately. We have compared them with the factors in other disciplinary cases, in Missouri and other states. (See cases collected in Missouri Digest and West's Decennial Digests, Physicians and Surgeons, ■  and Missouri Digest, Attorney and Client, ■  We have determined that permanent revocation of Dr. Wasem's license would be an excessive penalty, unnecessary to serve the remedial purpose of the statute, § 332.160. We have determined, however, that the gravity of Dr. Wasem's crime is too great to be condoned. It is our considered opinion that the interest of the public, and of the dental profession, will best be served by suspending Dr. Wasem from the practice of dentistry for a period of two years. The case will be

remanded to the circuit court for entry of such a decree.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, it is ordered that the cause be remanded to the Circuit Court of the City of St. Louis, and that Court is ordered to enter a decree suspending Dr. John Lee Wasem's certificate of registration and his license to practice dentistry for a period of two years from the date of entry of such decree, taxing the costs against said Dr. Wasem, and making such further incidental orders as may be consistent with this opinion.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.