DARREL W. SIMONDS, APPELLEE, V. BOARD OF EXAMINERS FOR LAND SURVEYORS ET AL., APPELLANTS.

329 N.W.2d 92

Filed January 7, 1983. No. 81-638.

Paul L. Douglas, Attorney General, and Frank J. Hutfless, for appellants.

James E. Gordon of Ginsburg, Rosenberg, Ginsburg, Cathcart, Curry & Gordon, for appellee.

BOSLAUGH, MCCOWN, CLINTON, and WHITE, JJ., and BRODKEY, J., Retired.

PER CURIAM.

Defendants, the Board of Examiners for Land Surveyors and James L. Brown (Brown), appeal the judgment of the District Court of Lancaster County that reversed the board's order revoking the surveying license of the plaintiff, Darrel W. Simonds.

Simonds is a registered land surveyor with 34 years' experience. He was part-time county surveyor for Johnson County and Seward County. Neb. Rev. Stat. § 23-1901.01 (Reissue 1977).

The Board of Examiners for Land Surveyors consists of five registered land surveyors. Brown is the Nebraska State Surveyor, appointed by the Board of Educational Lands and Funds, Neb. Rev. Stat. § 84-407 (Reissue 1981), and by statute he is the ex officio secretary to defendant board, Neb. Rev. Stat. § 81-8,110.03 (Reissue 1981).

In 1979 Brown conducted official investigations concerning surveying work and records of Simonds in Johnson and Seward Counties, and each county was assessed fees, Johnson County $6,262.61 and Seward County $944.32, payable to the State Treasurer for the Surveyors' Cash Fund, Neb. Rev. Stat. § 84-409 (Reissue 1981). In 1980 formal charges were brought against Simonds by the board, pursuant to Neb. Rev. Stat. § 81-8,123 (Reissue 1981): "The board may, upon its own motion, and shall, upon the sworn complaint in writing of any person, investigate the actions of any land surveyor. It shall have the power to revoke or suspend any registration under the provisions of sections 81-8,108 to 81-8,127, when the land surveyor has been found guilty of any

of the following practices: (1) Fraud or deceit in obtaining a registration; (2) negligence or incompetency in the performance of his duties; or (3) misconduct in the performance of his duties." No standards for "incompetency," "negligence," or "misconduct" are included in the statute.

Incompetency refers to a demonstrated lack of proficiency, skill, or ability to perform the professional duties and functions of a licensed land surveyor. Misconduct of a land surveyor is that conduct that violates those standards of professional behavior which have been established through professional experience. See *Vivian v. Examining Board of Architects,* 61 Wis. 2d 627, 213 N.W.2d 359 (1974). A land surveyor "must exercise that degree of care which a surveyor or civil engineer of ordinary skill and prudence would exercise under similar circumstances . . . ." 58 Am. Jur. 2d *Occupations, Trades, and Professions* § 78 at 962 (1971).

Notice was given to Simonds for hearing before examiner Joseph H. Badami, attorney, Lincoln, Nebraska. The notice contained detailed charges that we summarize: *In Seward County* Simonds negligently and incompetently, in 1(a), located a ¼ corner; in 1(b), determined a ¼ corner 26.6 feet west of the true position; in 1(c), located a ¹⁄₁₆ corner 9.4 feet east of the true position; in 1(d), located a ¹⁄₁₆ corner 3.2 feet west of the true position; and, in 1(e), failed to file survey records showing corners found and set as required by Neb. Rev. Stat. § 81-8,122.01 (Reissue 1981). *In Johnson County* Simonds negligently and incompetently, in 2(a), located ¼ corners; in 2(b), failed to perpetuate corners, contrary to Neb. Rev. Stat. §§ 23-1907 and 23-1908 (Reissue 1977); and, in 2(c), failed to designate corners, contrary to § 81-8,122.01. Simonds, in 3, was guilty of misconduct, having filed a record of a found corner that was later changed to show a temporary corner.

A 2-day hearing was had, attended by Simonds. The examiner filed the evidence with the board and

his full report summarizing the evidence, finding evidence of errors made by Simonds, some corrected, some explained, and some unexplained, but in his opinion none so substantial as to warrant a finding of either negligence or incompetence; rather, that there was a disagreement between two surveyors. He recommended a reprimand.

On January 19, 1981, the board met in regular formal session, after notice. Simonds did not attend the meeting. Brown was present at the hearing in his official capacity as ex officio secretary. The board considered the Simonds' proceedings first in executive session with Brown present, and then in formal session it made findings that Simonds was guilty of each charge except 1(c); however, item 1(b) was changed to show "east" of the true position instead of "west," as was contained in the original charge. The board ordered revocation of Simonds' surveyor's certification. Notice of these findings and the board's order was sent to Simonds over Brown's signature as secretary; later, similar findings and notice were executed over the signatures of the board in compliance with Neb. Rev. Stat. § 81-8,125 (Reissue 1981).

Simonds filed his petition on appeal, Neb. Rev. Stat. § 84-917 (Reissue 1981), alleging his substantial rights had been prejudiced because the order (1) was not supported by competent, material, and substantial evidence; (2) was arbitrary and capricious; (3) was contrary to the evidence and the findings of the hearing officer; and (4) was contrary to constitutional due process.

Section 84-917(6) provides review by the District Court on the record: "The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioner may have been prejudiced because the agency decision is: (a) In violation of constitutional provisions; . . . (c) Made upon unlawful procedure; . . .

(e) Unsupported by competent, material, and substantial evidence in view of the entire record as made on review . . . ."

Upon trial, the District Court vacated the order of the board and reinstated Simonds' registration certificate upon findings that the substantial rights of Simonds had been prejudiced and that the board's decision was not supported by competent, material, and substantial evidence.

Defendants appeal, assigning general error that the decision was contrary to the law and the evidence. "[W]here fact findings under criteria [§ 84-917](6)(e) are involved, we review the decision of the District Court only to determine that it and the commission have applied the proper criteria, and it is in this sense that we review de novo." *The 20's, Inc. v. Nebraska Liquor Control Commission,* 190 Neb. 761, 765, 212 N.W.2d 344, 347 (1973).

The establishment and perpetuation of reliable land corners, monuments, plats, and surveys, together with their official records, are historically of public concern, necessary for the orderly transaction of public affairs and business, and require high standards of care on the part of qualified surveyors.

Simonds' petition and the record present criteria other than substantial evidence, including § 84-917(6)(a), violation of constitutional provisions, and § 84-917(6)(c), unlawful procedures, in conducting hearings and in making findings of fact.

The substantial evidence standard of review of decisions of administrative agencies requires the reviewing court to search the entire record to determine whether, on the basis of all the testimony and exhibits before the agency, it could fairly and reasonably find facts as it did. See, *Winship v. Brewer School Committee,* 390 A.2d 1089 (Me. 1978); *United States v. Bianchi & Co.,* 373 U.S. 709, 83 S. Ct. 1409, 10 L. Ed. 2d 652 (1963).

Brown's testimony generally supports the specific factual allegations made against Simonds, including

measurements; irregular location of monuments and corners; inaccurate corners; temporary corners shown as found corners, contrary to statutes; failure to sign and file tie cards in the county records (§ 81-8,122.01); and contemporary markers shown as historical markers.

Simonds filed a detailed written response to each charge, supplemented by plats, records, and drawings, explaining his acts and surveying procedures. This response, and his testimony, was that the measurements, established corners, and monuments were properly fixed and determined, considering the existing county records, his statutory duty to correct county records, original U.S. Government surveys, general statutory county surveyor duties (§ 23-1907), information known to him, and accepted surveying procedures; that Brown's records and procedures were incorrect; and that the tie cards in question were only temporary and the failure to sign and identify them was a "typographical" error.

Francis Rotter, Cass County surveyor, and Henry Graff, Chief Deputy Lancaster County surveyor, testified for plaintiff that they generally approved Simonds' surveying procedures, including his correction of county records, except the use of temporary tie cards.

The board can utilize its experience and technical knowledge in evaluating the evidence. Neb. Rev. Stat. § 84-914(5) (Reissue 1981). Applying the rule in *The 20's, Inc., supra,* it is for the board to weigh the evidence and accept one version thereof. Our review shows that there was substantial evidence to support the board's findings and conclusions.

Simonds argues that the board's order did not make findings of fact required by Neb. Rev. Stat. § 84-915 (Reissue 1981): "Every decision and order adverse to a party to the proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record and shall be accompanied by findings of fact and conclusions of law. The find-

ings of fact shall consist of a *concise statement* of the conclusions upon each contested issue of fact. . . ." (Emphasis supplied.)

Here, the findings of fact were a restatement of each original charge made against Simonds, followed by the word "Guilty." At most, the objection to those findings is a matter of form. "It is not required that the findings be so specifically made as to set out the items of evidence upon which they are based . . . ." *Doran v. Johns,* 186 Neb. 321, 324, 182 N.W.2d 900, 903 (1971). The findings were concise statements relating to the statutory unauthorized practice of either negligence, incompetence, or misconduct in the performance of his duties. § 81-8,123.

Simonds further contends that Brown's full participation in the board's adjudication process was unlawful and prejudicial to him.

"The combination in the same person of the functions of investigation or advocacy and the function of deciding is a recognized evil . . . ." 2 Am. Jur. 2d *Administrative Law* § 412 at 223 (1962). That is not to say that such a combination is of itself a denial of due process; rather, all of the existing circumstances must be considered to determine if the procedures provided did assure fundamental principles of justice and fair play. The federal Administrative Procedure Act generally prohibits an employee engaged in an investigative function from participating in the decision process. 5 U.S.C. § 554(d) (1976).

State Surveyor Brown had certain statutory prehearing duties to make investigations, surveys, and reports. Those duties, coupled with his testimony in the revocation hearing, present a question of preserving the impartial nature of the proceedings. Under the record here, those described duties and testimony were impartially performed in an open adversary proceeding, and there was no prejudice. See 2 Am. Jur. 2d, *supra* § 412.

There were further post hearing circumstances

that are suspect. At the January 19 hearing of the board, Brown was present at all times; he participated in the proceedings, although he did abstain from voting. The official minutes prepared by Brown show that it commenced at 9:22 a.m.; present were the five board members, Brown's secretary, and the board's attorney. Simonds was not present. Brown moved the board adjourn to executive session. Neb. Rev. Stat. § 84-1410 (Reissue 1981). The board returned to formal session at 12:15 p.m., and Brown announced, "Because I have been a witness . . . I as State Surveyor and Ex-Officio Secretary of the Board withdraw from participation in the vote of the Board to determine the guilt or innocence of Darrel W. Simonds and further, I shall take no part in the determination of the Board's action against Darrel W. Simonds, if he is found guilty of the charges brought against him."

The official taped record shows that Brown made the nonparticipation statement prior to the executive session. Thereafter, the taped record is silent as to any board proceedings until 2 p.m., when other routine business was conducted.

Brown's statement that he would not participate in the voting was a recognition of the board's duty to provide a fair and impartial hearing and that his further participation in the proceedings tended to deny such. However, Brown did continue his presence throughout all of the adjudicative proceedings, refraining only from voting. The record is silent as to his participation, if any, in the executive session proceedings.

The consideration of Simonds' case in closed executive session apparently was contrary to § 84-1410, since there is no showing of either necessity or the reasons enumerated in (1)(a), (b), or (c).

There is an accumulation of unlawful procedural circumstances here that affects the substantial rights of Simonds. First, Brown conducted the investigations, prepared the revocation charges, and

testified in support of those charges. Standing alone, those circumstances were not prejudicial to Simonds. Next, Brown was present and participated in all of the formal adjudicative session of the board, except voting, when the charges against Simonds were considered, evidence reviewed, findings and decision made, and order entered. Brown was present during the extended executive session wherein the board considered Simonds' case, apparently contrary to the purposes and provisions of § 84-1410. The official decision and order of revocation made by the board was prepared by Brown.

The participation of Brown in his official capacity at the January 19 hearing and his presence during the executive session of the board were irregularities that tended to prejudice the substantial rights of Simonds. Under other circumstances it might have required a finding that the proceeding was fundamentally unfair to Simonds. Considering the record as a whole, we conclude that the circumstances in this case do not require that the order of the board be reversed for that reason.

After a full review of the record, we modify the judgment of the District Court vacating the order of revocation. The judgment is modified to provide for the suspension of Simonds' certificate of registration for a period of 30 days, commencing upon the filing of the mandate in the District Court, and the judgment as modified is affirmed.

AFFIRMED AS MODIFIED.

BRODKEY, J., Retired, concurs in the result.