William H. JONES, D.D.S., Appellant,

v.

The MISSOURI DENTAL BOARD, Respondent.

No. 48396.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 15, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 26, 1985.

Application to Transfer Denied
April 30, 1985.

Mark G. Arnold, Harry B. Wilson, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Appeal from a decision of the Circuit Court affirming the suspension of Dr. William H. Jones's (dentist) license to practice dentistry for six months.

After a hearing held on a complaint by the Missouri Dental Board (Board), the Administrative Hearing Commission (AHC), on March 23, 1983, found dentist had violated § 332.321.1(2)(d), (e), & (f) RSMo 1978, by employing, assisting and enabling dental assistants to perform certain procedures constituting the practice of dentistry, and therefore cause existed to impose discipline upon dentist. On May 10, 1983, the board suspended dentist's license for six months and placed him on probation for five years thereafter. On January 23, 1984, the orders of the AHC and board were affirmed by the circuit court. We modify the effective date of the disciplinary order, and affirm as modified.

Dentist asserts the major issue is witness credibility. He concedes if the direct testimony of the dental board's three principle witnesses is reliable in light of the whole record, the evidence is sufficient. In his reply brief, dentist states the principle issue in this case is whether Board's witnesses told the truth or whether dentist's witnesses told the truth. Dentist's Point Relied On I must be denied because our reading of the transcript and the briefs convinces us the credibility issue in this case was for the AHC. *Citizens for Rural Preservation v. Robinett,* 648 S.W.2d 117, 127 (Mo.App.1982). This is not one of those rare cases where the reviewing court will examine the credibility of the witnesses. *See Central Bank of Clayton v. State Banking Bd. of Mo.,* 509 S.W.2d 175, 189–90 (Mo.App.1974). *Compare Barnes Hospital v. Mo. Com'n on Human Rights,* 661 S.W.2d 534, 537–38 (Mo. banc 1983).

Dentist also claims the AHC erred in limiting discovery and failing to admit evidence presented in offers of proof. Dentist, who is black, pleaded as an affirmative defense, selective prosecution by the board (the prosecutor in this case) based upon racial discrimination.

The AHC limited dentist's discovery by quashing a subpoena calling for the production of tape recordings, agenda and minutes of closed board meetings when dentist's case was discussed. We hold, for reasons set forth below, dentist was not entitled to this discovery.

Much of dentist's evidence on this claim was not admitted into evidence by the AHC, but is available on the record in offers of proof. There is no error in the AHC's findings relating to the defense of selective prosecution, whether the point is considered with the evidence contained in dentist's offers, or without it. We consider the claim utilizing the evidence in dentist's offers of proof as if admitted by the AHC.

 Improperly selective prosecution involves the use of improper criteria to choose targets for prosecution. One seeking to rely on such defense must make a sufficient showing to raise the claim above frivolity. *U.S. v. Catlett,* 584 F.2d 864, 866 (8th Cir.1978). Dentist needed to allege facts sufficient to establish two elements: (1) others were situated similarly to dentist but were not prosecuted, and (2) the selection of dentist as a prosecution target was invidious or in bad faith, based upon considerations such as race, religion, or a desire to prevent the exercise of constitutional rights. *State v. Camillo,* 610 S.W.2d 116, 120 (Mo.App.1980).

Dentist claims the evidence establishes six indicia of the board's misconduct. First, he claims the board "had reason to resent" his activism in promoting affirmative action at the Missouri Dental Service, a non-profit, dentist-sponsored insurance group. This claim is based on two items; (1) after dentist complained about the lack of black people working for the service, the service started to send complaints about dentist to the board, and (2) a single member of board was also a member of the board of the service. We fail to see how receipt of complaints against dentist would give the board reason to resent him. Dentist also failed to allege any actual "resentment" by any board member, including the one also on the board of the service.

Second, dentist points to deposition testimony by an attorney in charge of welfare fraud investigations that all professional boards are lax in enforcement, that board attached "great significancy" to the case, and that he was surprised at the commencement of litigation here because the charges seemed routine. It is clear from the content of the deposition these statements were all opinions of the deponent. Assuming they are true, they provide, at best, weak support of only the one element of some selectivity in prosecution.

Third, dentist complains of racially derogatory statements during board meetings. This is based on a misreading of the record, where one board member deposed he had at some time heard racial jokes.

Dentist's fourth point is the board discussed continuation of the prosecution directly after a discussion of a perceived threat of a civil suit against board members personally by dentist. We fail to see, and dentist has not provided, any connection of this discussion of the continuation of the suit with the earlier commencement of the proceedings.

 Fifth, dentist complains the vagueness of the regulation gave the board the opportunity to act discriminatorily. While this may be true, it is not an element of the prima facie case. *Camillo,* 610 S.W.2d at 120.

Dentist finally alleges the board placed an importance on this case inexplicable except for ulterior motives. He attacks the commencement of the board's investigation without an affidavit, as he claims was required by § 332.341.3 RSMo 1978 (later amended, see § 332.341 RSMo Supp.1984). He claims the board's investigator helped witnesses with their stories, the board went to welfare fraud investigators for help, investigated dentist's private life, tried to change attorneys and attempted to give immunity to the witnesses. However, the board could commence an investigation without receiving a sworn affidavit (§ 332.-341.5, RSMo 1978) or upon receipt of a defective complaint (§ 332.341.2 RSMo

1978). There is no evidence the board investigator fabricated the story or that he did anything other than investigate. We see no misconduct in board co-operation with other state agencies, nor do we see an inordinate investigation into dentist's private life. The board's attempt to change attorneys was based on dissatisfaction with the representation provided by the office of the attorney general. There is no record support for any notion the board wanted to grant any witness immunity: the term was used by dentist's attorney during a deposition of a board member, and the context of the testimony involved was a complaint against the board's attorney for not objecting to deposition questions.

■ In short, dentist's grounds for charging this case was inexplicably important to the board do not exist. However, even if they did, it would only go to prove some ulterior motive for prosecution. No light is shed as to the identity or propriety of the motive. Dentist did not establish either element of a prima facie case of selective prosecution. *Camillo,* 610 S.W.2d at 120.

■ What has been said also disposes of dentist's claim he should have been granted access to the board's minutes and tapes. In order to gain discovery of that material, dentist had to establish a colorable basis for his claim. *Camillo,* 610 S.W.2d at 121; *Catlett,* 584 F.2d at 866, 868. Dentist did not allege either selectivity or improper motive as grounds for his right to such discovery. His claim, detailed above, did not show either. Therefore, he was not entitled to the discovery he sought. *Camillo, supra; Catlett, supra* at 868.

The order of the Missouri Dental Board is amended to provide the suspension of six months shall commence thirty days after issuance of a mandate in this case, in lieu of the June 15, 1983 commencement date in the order. As modified, the decision is affirmed.

DOWD, P.J., and CRANDALL, J., concur.