**Edwill Orbert MASSEY,
Defendant-Appellant,**

v.

**MISSOURI DENTAL BOARD,
Plaintiff-Respondent.**

**No. 48580.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 13, 1985.
Rehearing Denied Oct. 3, 1985.

Anne-Marie Clarke, St. Louis, for defendant-appellant.

Dennis Keith Hoffert, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

Appellant Edwill Orbert Massey appeals the finding and judgment of the circuit court affirming the findings and decision of the Administrative Hearing Commission that petitioner had violated the provisions of § 332.321 RSMo 1978 and ACSR 110–2.-120 and that the Missouri Dental Board had cause to take disciplinary action against appellant licensee by revocation of his license. The Board ordered revocation effective December 1, 1983. It also refused to renew the annual license as a result of the revocation.

This matter was presented to the trial court on a joint stipulation of facts. The record before this court originally consisted only of the legal file which contains the findings of fact, conclusions of law, decision and order of the Missouri Dental Board, the petition for review of the Board under Chapter 536 RSMo 1978 and the joint stipulation of the parties. By leave we permitted respondent Board to file the record of proceedings before the Board.

Petitioner-dentist raises two issues on appeal. First, he contends the decision of the Administrative Hearing Commission was arbitrary, capricious, unreasonable and excessive. Second, he challenges the power of the Board to refuse to renew his license while the revocation matter was pending in the circuit court despite a stay order of the trial court.

The underlying facts are that the Missouri Dental Board filed a complaint against petitioner alleging that he permitted unlicensed persons to practice dentistry in violation of 4 CSR 110–2.120 and Chapter 332 RSMo 1978. Neither appellant nor a representative of appellant appeared or participated in the proceedings before the Board. The Administrative Hearing Commission found in favor of the complainant. The Board then issued an order revoking his license. In a separate proceeding the Board advised petitioner that it would refuse to renew his certificate and license to practice dentistry. The petition filed in the circuit court under Chapter 536 RSMo 1978 requested the court to review the findings, conclusions and order of the Missouri Dental Board and requested a stay order pending final disposition of the cause.

The petition for review was filed on December 30, 1982. On January 10, 1983, the court denied petitioner's motion for preliminary injunction but stayed the order of the Missouri Dental Board of December 16, 1982, revoking the license and certificate of petitioner. On August 3, 1983, the court determined the record was incomplete and the decision of the Board was not ripe for review. Accordingly, it reversed and remanded the proceeding to the Missouri Dental Board to complete the record and to reconsider the revocation of the petitioner's certificate together with the question of renewal of petitioner's annual license. On October 22, 1983, the Board considered these issues at a regularly scheduled public meeting and made findings of fact, conclusions of law and again ordered petitioner's license revoked. Thereafter, the circuit court affirmed that decision of the Board and this appeal followed.

■ Appellant urges this court to find the decision of the Commission arbitrary, capricious and excessive because the revocation of license is overly harsh in comparison to a six month suspension of license imposed by the Board on Dr. William H. Jones, D.D.S. Dr. Jones was also charged with violation of § 332.321 RSMo 1978. We affirmed the suspension of Dr. Jones. *Jones v. The Missouri Dental Board*, 687 S.W.2d 579 (Mo.App.1985). Even if we as-

**564**

sume that there was testimony in the Jones' case that Dr. Jones' violations were more severe than those of appellant it was for the Board to determine credibility and the Board was free to disbelieve that testimony. *Ross v. Robb*, 662 S.W.2d 257, 260 (Mo. banc 1983).

Further, we do not know whether Dr. Jones elected to appear and offer a defense at least to the extent of mitigation of punishment. Appellant declined the opportunity to appear before the Board. He made no effort to offer an explanation of his actions or to attempt to mitigate the discipline. Under these circumstances, we cannot compare the result in the *Jones* case with the present case. The trial court did not err in refusing to substitute his judgment, "for that of a professional Board charged with monitoring the conduct of members of the profession." We find no abuse of discretion in reviewing the determination of the Board. Article V, § 18, Missouri Constitution of 1945 As Amended 1976; *Board of Education, Mount Vernon Schools, Mount Vernon v. Shank*, 542 S.W.2d 779, 782 (Mo. banc 1976). Appellant's first point is denied.

Appellant's second contention is that the trial court erred in refusing to enforce a stay order on the refusal to renew his license pending a decision on the revocation issue. The trial court issued a stay order on January 10, 1983, only as to the order of the Missouri Dental Board of December 16, 1982, revoking petitioner's license and certificate. On December 2, 1983, the court issued a second stay order against the decision of the Missouri Dental Board of October 22, 1983, revoking the license and refusing to renew. These stay orders are authorized by § 536.120 RSMo 1978. In view of our decision affirming the revocation of license and certificate we find the issue regarding the stay orders is rendered moot.

We affirm.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.