Carl B. HOLMES, D.D.S., Respondent,

v.

MISSOURI DENTAL BOARD,
Appellant.

No. WD 36466.

Missouri Court of Appeals,
Western District.

Nov. 5, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Dec. 24, 1985.

Application to Transfer Denied
Feb. 18, 1986.

Dennis K. Hoffert, St. Louis, for appellant.

John S. Pletz, Jefferson City, for respondent.

Before CLARK, C.J., and KENNEDY and NUGENT, JJ.

PER CURIAM:

The decision under review is an order of the Missouri Dental Board which revoked dentist Holmes' license and certificate to practice dentistry in Missouri. The order followed a decision of the Administrative Hearing Commission which sustained a complaint filed by the Board against Dr. Holmes which charged that Dr. Holmes was subject to Missouri disciplinary action by reason of an earlier order of the Tennessee Board of Dentistry which had revoked Dr. Holmes' practice privileges in that state. The Tennessee revocation order had been based upon the "unprofessional, dishonorable or unethical conduct" (a statutory ground for revocation under *Tenn. Code Ann.* § 63–5–124(a)(1)) of Dr. Holmes, and it was the position of the Board that the Tennessee action subjected Dr. Holmes to Board disciplinary action in Missouri under § 332.321.2, which gives as one of several grounds for Missouri disciplinary action:

> (8) Disciplinary action against the holder of a license or other right to practice any profession regulated in this chapter granted by another state ... *upon grounds for which revocation or suspension is authorized in this state.* (Emphasis supplied.)

The Administrative Hearing Commission after an evidentiary hearing entered an

order sustaining the Board's position, which order, as noted above, gave the Board authority to proceed with disciplinary proceedings.

The appeal is actually from a judgment of the circuit court which reversed the order of the Board and the decision of the Administrative Hearing Commission. The appellant Board is therefore seeking to uphold the Commission decision and the Board order, while the respondent dentist is attacking them. We review the Commission decision and the ensuing Board order as a single decision. Section 621.145, RSMo Supp.1984; *Watkins v. State Board of Registration for the Healing Arts,* 651 S.W.2d 582 (Mo.App.1983).

The fulcrum of the case is the statutory phrase, quoted above and underlined, "grounds for which revocation or suspension is authorized in this state". Dr. Holmes argues here, as he has maintained throughout, that the "unprofessional, dishonorable or unethical conduct" of the Tennessee statute, the ground upon which Tennessee had revoked Dr. Holmes' license, was not a "ground for which revocation or suspension is authorized in this state".

█ The Board, on the other hand, insists that Tennessee's "unprofessional, dishonorable or unethical conduct" is the same as Missouri's ground for disciplinary action contained at § 332.321.2(5)—"misconduct ... or dishonesty in the performance of, or relating to one's ability to perform, the functions or duties of" the profession of dentistry. The Administrative Hearing Commission sustained the Board's position.

We think the Administrative Hearing Commission is clearly correct on this point. It is hard to think of any behavior of a dentist which would constitute "misconduct ... or dishonesty in the performance of, or relating to one's ability to perform, the functions or duties of" a dentist which would not also be encompassed by the Tennessee statutory language of "unprofessional, dishonorable or unethical conduct". The phrases mean substantially the same, and they are directed at a range of misbehavior which has been attempted to be reached by various statutory variations of the term "professional misconduct". *See, e.g., In re Storie,* 574 S.W.2d 369 (Mo. banc 1978) (misconduct in violating the Code of Judicial Conduct); *State ex rel. Lentine v. State Board of Health,* 334 Mo. 220, 65 S.W.2d 943 (1933) (unprofessional conduct is generally dishonorable conduct); *Richardson v. Florida State Board of Dentistry,* 326 So.2d 231 (Fla.Dist.Ct.App.1976) (misconduct jeopardizing the profession and the public); *Simonds v. Board of Examiners for Land Surveyors,* 213 Neb. 259, 329 N.W.2d 92 (1983) (misconduct in violating standard of professional behavior); *Semler v. Oregon State Board of Dental Examiners,* 148 Or. 50, 34 P.2d 311 (1934) (misconduct includes unprofessional conduct not inherently wrong).

The Tennessee order upon which Missouri's order of revocation was based, was entitled "Consent Order". It recited that Dr. Holmes "admits the following violations of T.C.A. 63–5–124:

"(1) Unprofessional, dishonorable or unethical conduct ...

"In consideration for the Respondent's agreement to acknowledge these violations, the Health Related Boards here agrees to drop the charges on subsections (4), (7) and (20)."

Dr. Holmes argues that the Board should have been required to prove specific acts of misconduct on his part, but we think it is sufficient that the Board proved that the other state had revoked Dr. Holmes' license on a ground which was also a ground for revocation in Missouri. The theory of this particular ground for revocation, i.e., the disciplinary action taken by the other state, is that the second state (Missouri, in this instance) should not be required to prove again what has already been proved in the first state (Tennessee, in this instance).

This case furnishes an example of the plausibility of the provision. Dr. Holmes' infractions which caused the Tennessee revocation occurred during two years' prac-

tice in Gallatin, Tennessee. He was in the process of purchasing a dental practice in Sikeston and Charleston, Missouri, when the Tennessee revocation was ordered on August 19, 1982. He perhaps was commencing practice in Missouri when the present proceedings were initiated by the Board's filing its complaint on November 3, 1982. A dentist disqualified by his misconduct from the practice of dentistry in one state (and found to be so disqualified after according to him the opportunity for a fair hearing) is equally as disqualified across a state line, and he should not be permitted to impose upon the "foreign" state the onus of proving the underlying facts of his misconduct.

Furthermore, the Administrative Hearing Commission had before it the Tennessee petition upon which the Tennessee consent order was based. The allegations therein had been judicially admitted in Tennessee and while the Tennessee petition did not prove itself, the relevant allegations were proved by Dr. Holmes' admission before the Tennessee board. That petition charged with a fair degree of specificity: "The respondent is guilty of 'unprofessional, dishonorable or unethical conduct' in his practice of dentistry by proposing unnecessary treatment, by submitting incorrect or questionable insurance claims, by charging excessive fees, by exhibiting anger and poor attitudes toward and/or in the presence of patients, by misrepresenting what dental work he had performed and by other acts or omissions in his practice of dentistry." An amendment to the Tennessee petition went into a great deal of evidentiary detail which does not need to be recounted here, but we observe that the amendment amplifies and fully supports the above-quoted allegations of the Tennessee petition.

We hold therefore that the order of the Administrative Hearing Commission was fully sustained by competent and substantial evidence upon the whole record and should be affirmed.

As a second point, Dr. Holmes argues that the disciplinary action imposed by the Board was unreasonably severe.

He seems to say this calls for reversal of both Commission decision and Board order, but he also cites *Wasem v. Missouri Dental Board*, 405 S.W.2d 492 (Mo.App.1966), where the Court of Appeals modified the sanction imposed by the Board, reducing it from revocation to suspension.

There is a wide range of sanctions available to the Board under § 332.321.3, ranging from censure to revocation of license. The appropriate sanction within that range is confided to the discretion of the Board. The Board's action was taken only after a hearing at which Dr. Holmes appeared and testified. The order recognized the right of Dr. Holmes to reapply for licensure at any time, upon proof of clinical competency. Proof of clinical competence seems to be a perfectly reasonable requirement (for consideration of relicensure) in view of the fact that Dr. Holmes had been out of the practice of dentistry since November, 1982, and would be out of it during the period of his revocation. We find no abuse of discretion requiring appellate interference with the Board's action in this case.

The judgment of the circuit court is reversed and the Board order and the Commission decision are reinstated.