v.

**MISSOURI STATE BOARD OF ACCOUNTANCY, Respondent.**

**No. 51957.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 28, 1987.

Holtkamp, Beckemeier, Liese & Hummel, E. Thomas Liese, St. Louis, for appellant.

Dennis K. Hoffert, St. Louis, for respondent.

CRIST, Judge.

Review of administrative action. M.M. (accountant) appeals from the circuit court's order affirming respondent's (Board) order revoking, under § 326.130, RSMo 1986, accountant's certified public accountant certificate. As the basis for his appeal, accountant asserts the penalty imposed by the Board is too severe. We affirm.

On January 1, 1980, accountant terminated his business relationship with client, a non-profit organization. During the course of that business relationship, accountant had possession of client's financial records for the purpose of filing reports required by various governmental agencies, preparing regular financial statements, and filing the organization's tax returns. From January 1, 1980, until on or about November 3, 1982, client repeatedly attempted to regain possession of its business records from accountant. On November 3, 1983, client enlisted the aid of Board in securing its business records. Board, then on three different occasions, directed accountant to return the records or suffer disciplinary action. Accountant ignored the Board's communications, but, by letter dated February 3, 1984, accountant notified Board he would deliver the records to client on February 13, 1984. Accountant did not deliver the records, to client, on February 13, 1984, or anytime thereafter.

As a result of accountant's actions, client filed a complaint on May 11, 1984. On August 9, 1984, accountant appeared at the administrative hearing and testified he no longer had any of client's records, indicating he had returned them prior to his February 3, 1984 letter advising Board he would return the records on February 13, 1984. Although he asserted he had none of the records, accountant offered into evidence five exhibits which showed otherwise. Those exhibits included accountant's work papers, which he used in lieu of a general ledger, as well as copies of some quarterly and monthly financial reports. The accountant hired by client after January 1980 stated, in response to questions from accountant, that if the organization

had been in possession of the documents comprising accountant's exhibits, it would not have been necessary to go to the time and expense of reconstructing client's financial history, and more accurate financial reports and tax returns could have been prepared. Without those records client was forced to file a tax return containing a disclaimer from the preparer.

■ Accountant admits that cause exists for some disciplinary penalty. He asserts, however, the penalty imposed by the Board is arbitrary, capricious and unreasonable. To support his assertion, accountant calls our attention to numerous cases where penalties less harsh than his were affirmed although, in his opinion, the underlying derelictions of duty were more egregious. Aside from an abuse of discretion, we cannot substitute our judgment for that of the Board. *Holmes v. Dental Bd.*, 703 S.W.2d 11, 13 (Mo.App.1985), and *Massey v. Missouri Dental Bd.*, 698 S.W.2d 562, 564 [3] (Mo.App.1985). The mere fact the harshest penalty was imposed here and not in another case, does not, by itself, prove the Board abused its discretion.

■ The purpose of disciplining accountants is to protect the public. We cannot say there was an abuse of the Board's discretion where Board produced evidence accountant failed to give client good accounting services, failed to return all of client's necessary records to it, and failed to respond reasonably to correspondence from Board, all resulting in much added time and expense for client. The order of the administrative agency is supported by competent and substantial evidence on the whole record.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.