Dear Mr. Blunt and Mrs. Kelly:
This opinion letter is in response to your question asking:
 Does the Commissioner of Securities have authority to receive a monetary settlement in an administrative licensing case when the funds received are deposited in the state's General Revenue Special Funds Account and subsequently appropriated by the General Assembly for the purpose for which they were received?
You provided the following statement of facts relating to the question posed:
 The Missouri Commissioner of Securities settled an administrative licensing matter with a brokerage firm by agreeing to accept $50,000.00 for the purpose of investor education activities. The brokerage firm wished to settle this matter before a civil proceeding was instituted before the Administrative Hearing Commission. The matter was settled and the Commissioner of Securities entered an order pursuant to section 409.408(b) RSMo 1986. . . . The money received was deposited in Missouri's General Revenue Special Funds Account (pursuant to section 33.563 and 33.571 RSMo 1986). Subsequently the General Assembly appropriated portions of the money for use in investor education programs by the Secretary of State. The State Auditor has questioned the acceptance of this money as a violation of Article IX, Section 7 of the Missouri Constitution and Section 166.131
RSMo 1986.
The brokerage firm to which you refer is E. F. Hutton Company, Inc. The settlement occurred in January, 1986.
The Commissioner of Securities is the public officer charged with administering and enforcing, under direction of the Secretary of State, the goals of Missouri's securities laws.See Chapter 409, RSMo 1986. Like other public officers, the Commissioner of Securities has only those powers expressly or impliedly conferred by law. See Curdt v. Missouri CleanWater Commission, 586 S.W.2d 58, 60 (Mo.App., E.D. 1979);Scheble v. Missouri Clean Water Commission, 734 S.W.2d 541,556 (Mo.App., E.D. 1987). In January, 1986, at the time of the settlement about which you are concerned, no statute authorized the Commissioner of Securities to settle the matter in the manner described in your statement of facts. Therefore, it is the opinion of this office that the Commissioner of Securities had no authority in January, 1986, to enter into the settlement described in your statement of facts.
Subsequent to the settlement described in your statement of facts, subsection (f) of Section 409.407, RSMo 1986, was enacted in 1986 in House Bill No. 1447, 83rd General Assembly, Second Regular Session (1986). Such subsection provides:
 409.407. Investigations and subpoenas — violations in other states. —
* * *
 (f) As settlement of an investigation the commissioner may receive a fine from any party, as well as voluntary payment for the cost of the investigation.
* * *
Pursuant to subsection (f) of Section 409.407, the Commissioner of Securities may now receive a fine from any party, as well as voluntary payment for the cost of the investigation.
You also inquire about the effect of Article IX, Section 7
of the Missouri Constitution on the deposit of any money received in settlement. Article IX, Section 7 of the Missouri Constitution provides:
 Section 7. County and township school funds — liquidation and reinvestment — optional distribution on liquidation — annual distribution of income and receipts. . . . the clear proceeds of all penalties, forfeitures and fines collected hereafter for any breach of the penal laws of the state, . . . shall be distributed annually to the schools of the several counties according to law.
Licensing statutes are not penal laws. See New FranklinSchool Dist. No. 28, Howard County v. Bates, 225 S.W.2d 769
(Mo. 1950). The purpose of statutes authorizing revocation of a license is protection of the public, not punishment of the offender. See Younge v. State Board of Registration forHealing Arts, 451 S.W.2d 346, 349 (Mo. 1969), cert. denied,397 U.S. 922, 90 S.Ct. 910, 25 L.Ed.2d 102 (1970), reh.denied, 397 U.S. 1018, 90 S.Ct. 1231, 25 L.Ed.2d 433 (1970);In re Sympson, 322 S.W.2d 808, 812 (Mo. banc 1959); Wasem v.Missouri Dental Board, 405 S.W.2d 492, 497 (Mo.App., St.L. 1966). Because money received in settlement is not received "for any breach of the penal laws of the state," Article IX, Section 7 of the Missouri Constitution does not apply to the deposit of the money in question.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General