**WEISER–BROWN OIL COMPANY, Thomas C. Mueller, John P. Shields, Appellants,**

v.

**SAMSON RESOURCES COMPANY, Appellee.**

No. 91–2543.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 8, 1992.

Decided June 10, 1992.

Rehearing and Rehearing En Banc Denied July 31, 1992.

**432**

James W. McCartney, Houston, Tex., argued (Webster Hubbell and Jim Hunter Birch, on the brief), for appellants.

James M. Chaney, Oklahoma City, Okl., argued, for appellee.

Before BEAM, Circuit Judge, BRIGHT, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.

BRIGHT, Senior Circuit Judge.

Weiser–Brown Oil Company [Weiser–Brown] brings this interlocutory appeal from the district court's[1] grant of partial summary judgment in favor of Samson Resources Company [Samson]. Weiser–Brown asserts that the district court erred in ruling that Mobil Exploration and Producing Southeast, Inc. [Mobil] did not convey to Weiser–Brown Mobil's accrued right to recoup underproduction from Samson, a

---

* The Honorable BRUCE M. VAN SICKLE, United States Senior District Judge for the District of North Dakota, sitting by designation.

1. The Honorable Morris S. Arnold, United States District Judge for the Western District of Arkansas.

co-tenant in Jane Scott No. 1, a gas well. We affirm.

## I. BACKGROUND

This appeal arises in the context of a lawsuit concerning a production imbalance between co-tenants in a natural gas well. In a jointly owned well, a production imbalance occurs when one co-owner takes a share of the total production that is disproportionate to its ownership interest in the well. When a co-owner produces more than its proportionate share it is overproduced. On the other hand, a co-owner who produces less than its proportionate share is said to be underproduced.

Samson and Mobil each leased an undivided 50% interest in the property on which the Jane Scott No. 1 gas well is located. They entered into a joint operating agreement, wherein Samson agreed to act as operator for Jane Scott No. 1. Samson produced more than its share of gas from the well and Mobil's interest became underproduced. Mobil was entitled to recoup this underproduction, but did not do so.

In 1988, Mobil conveyed to Weiser–Brown its interest in Jane Scott No. 1. At issue in this appeal is whether Mobil could assign and did assign to Weiser–Brown the right to recoup Mobil's accrued underproduction.

Weiser–Brown filed its complaint on August 29, 1990. Samson moved for summary judgment on March 14, 1991. The district court held a hearing on the motion for summary judgment on May 9, 1991. It decided that Weiser–Brown could not assert a claim to the underproduction right that had accrued prior to the effective date of Mobil's assignment to Weiser–Brown because the assignment did not convey previously accrued rights to underproduction. The district court entered an order permitting appeal of its interlocutory order, pursuant to 28 U.S.C. § 1292(b) (1988).[2] We

---

2. The district court's order permitting this appeal recited that "the bases for the court's rulings were set forth at the time of the court's ruling from the bench and are also set forth in its memorandum opinion." The district court failed to file any opinion, save conclusory re-

granted Weiser–Brown's timely motion for leave to appeal the interlocutory order.

## II. DISCUSSION

Summary judgment is proper only if there is no genuine issue as to any material fact and Samson is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c), *quoted in Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). We examine the evidence in the light most favorable to Weiser–Brown, giving it the benefit of all reasonable inferences. *Woodsmith Pub. Co. v. Meredith Corp.*, 904 F.2d 1244, 1247 (8th Cir.1990) (citations omitted).

■ Arkansas law provides that the construction and legal effect of a contract are questions of law when no disputed extrinsic evidence is presented. *Norton v. St. Paul Fire & Marine Ins. Co.*, 902 F.2d 1355, 1357 (8th Cir.1990). Because no dispute existed as to extrinsic evidence, the interpretation of the Assignment and Bill of Sale was properly before the district court.

■ Under Arkansas law, a court must determine the intention of the parties from "the four corners of the instrument itself, if that can be done, and when so done, it will control." *Gibson v. Pickett*, 256 Ark. 1035, 512 S.W.2d 532, 535 (1974). All rights not incident to an assignment must be specifically mentioned in order to pass the right to the assignee. *Wasson v. Taylor*, 191 Ark. 659, 87 S.W.2d 63, 65 (1935).

In Paragraph 1 of the Assignment and Bill of Sale, Mobil agreed to convey to Weiser–Brown "all of [Mobil's] right, title and interest in and to ... [the] Samson Jane Scott Unit # 1 ... except as hereinafter provided...."

The disputed language of the agreement between Mobil and Weiser–Brown is as follows:

Paragraph 4, in relevant part:
[Mobil] shall be liable for all unit costs ... and entitled to all unit revenues (including revenue attributable to all merchantable, allowable oil in storage, gas and tax refunds) attributable to its interest in the Properties prior to the Effective Date hereof.

Assignment and Bill of Sale ¶ 4.

Paragraph 7(a):

Notwithstanding anything to the contrary contained herein, [Weiser–Brown Oil Company] acknowledges and agrees to the following regarding possible gas imbalance[s] on the Properties:

a. *Gas Underproduction*—In the event [Mobil] is underproduced as to any well(s) located on the Properties, [Weiser–Brown Oil Company] agrees not to hold [Mobil] liable for such underproduction. *[Mobil], however, agrees to assign all of its contractual rights to make up such underproduction.*

*Id.* ¶ 7(a) (emphasis added).

■ Weiser–Brown contends that the district court erred in granting summary judgment against Weiser–Brown's claim to underproduction rights accrued prior to Weiser–Brown taking title to the well. It asserts that Mobil intended to and did assign all right, title and interest in the well, including the right to recoup underproduction, to Weiser–Brown. Further, Paragraph 7 was not a reservation of the accrued underproduction to Mobil.

Weiser–Brown claims that Mobil's right to recover underproduction stems from a joint operating agreement between Samson and Mobil, as co-tenants in the well. As a co-tenant, Mobil was entitled to an accounting from Samson as to the share of gas that it overproduced. Weiser–Brown claims that the right to underproduction is appurtenant to the land and is part of the estate conveyed by Mobil to Weiser–Brown because Mobil did not reserve that interest in the conveyance. Thus, Weiser–Brown has a right to recover the underproduction that had accrued prior to Weiser–Brown taking title.

The interest that Mobil assigned to Weiser–Brown via the Assignment and Bill of Sale encompassed only the pool of oil and

marks reported in the transcript. In a case of this kind, relating to Arkansas law, an opinion from a judge versed in Arkansas law would have been extremely helpful.

gas remaining in the land. In Paragraph 4, Mobil expressly reserved the right to all accrued unit revenues. Mobil did agree, in Paragraph 7 of the Assignment and Bill of Sale, to assign to Weiser–Brown its contractual rights to make up underproduction. This clause failed to convey to Weiser–Brown the accrued underproduction for two reasons.

■ One, unlike other wells covered by the assignment, the Jane Scott well was not covered by a gas balancing agreement between Samson and Mobil. Thus, Mobil had no contractual right to the underproduction, it merely held a right to an accounting as between co-tenants. This right is personal to Mobil and does not run with the land to the successive tenant, Weiser–Brown. *See Hillard v. Stephens,* 276 Ark. 545, 637 S.W.2d 581, 583 (1982) (The Arkansas Supreme Court held that a "gas lease constitutes a present sale of all of the gas in place at the time such lease is executed."); *see also Pasteur v. Niswanger,* 226 Ark. 486, 290 S.W.2d 852, 853 (1956); *Osborn v. Arkansas Territorial Oil & Gas Co.,* 103 Ark. 175, 146 S.W. 122, 124 (1912); Susan W. Wright, *The Arkansas Law of Oil and Gas,* 9 U.Ark. Little Rock L.Rev. 223, 224–25 (1986–87).

Two, Mobil made no attempt to assign any right to recover underproduction to Weiser–Brown before Mobil released Samson from all claims, pursuant to a settlement agreement under a different lawsuit. Therefore, because Mobil had no contractual right to the underproduction and made no assignment to Weiser–Brown of any interest in the underproduction, Weiser–Brown holds no legal right to recover the underproduction.

■ Weiser–Brown also argues that if Paragraph 7 is construed as a reservation of accrued underproduction, it is at least a promise to convey the interest in underproduction, and Mobil never made such a conveyance. Therefore, Weiser–Brown is entitled to a determination that it holds equitable title to the right to recover the underproduction.

At the time of the sale, Weiser–Brown did not know of the accrued underproduc-

tion, thus, the underproduction did not enter into the bargain. Therefore, Weiser–Brown cannot claim reliance on the right to the underproduction and has no equitable right to recoup the underproduction.

In sum, Samson was entitled, as a matter of law, to summary judgment on the issue of Weiser–Brown's entitlement to underproduction accrued prior to October 1, 1988, the effective date of the assignment to Weiser–Brown.

Accordingly, we affirm.