Zane GARD, D.O., Appellant,

v.

STATE BOARD OF REGISTRATION
FOR THE HEALING ARTS,
Respondent.

No. WD 38856.

Missouri Court of Appeals,
Western District.

March 22, 1988.

Harvey M. Tettlebaum, Jefferson City, for appellant.

David Brydon and Vicki J. Goldammer, Hawkins, Brydon and Swearengen, of counsel, Jefferson City, for respondent.

Before SHANGLER, P.J., and
PRITCHARD and MANFORD, JJ.

PRITCHARD, Judge.

Respondent Board caused a complaint to be filed against appellant before the Administrative Hearing Commission seeking to have his Missouri license to practice osteopathic medicine revoked. It was alleged as the ground for the complaint that appellant's license in the State of California was revoked on December 15, 1976, by the Division of Medical Quality Control, Board of Medical Quality Assurance, Department of Consumer Affairs, State of California, as a result of a conviction on or about June 30, 1976, in the Superior Court of California, County of Contra Costa, for possession and sale of controlled substances.

At the hearing before the AHC, which was had on September 28, 1981, it was stipulated that respondent was convicted on June 30, 1976, as alleged; that his li-

cense to practice the healing arts in California was revoked on December 15, 1976, as alleged; and his license to practice the healing arts was reinstated on August 18, 1981, by the California Board of Medical Quality Assurance, as shown by respondent's Exhibit 2. At the hearing, appellant testified that he was presently licensed as a physician in Missouri and California, and first became licensed in Missouri in 1961, and in California in 1962. He was then practicing his profession in Sturgeon and Centralia, Missouri, and had been doing so for about 16 months after his return to this state in May, 1980.

Appellant had attended undergraduate school at Central Missouri State Teachers College, Rockhurst College and the University of Kansas City. He then attended Kansas City College of Osteopathy, after which he received his Missouri and California licenses. In California he later received an M.D. degree. He is a fellow in the American Academy of Family Practice and is board eligible as a diplomat to the American Board of Family Practice. He is also a fellow in Allergy, Nutrition and Preventive Medicine.

After his California conviction, appellant served about two years in prison at Vacaville in that state, and while in prison, he was Chief Medical Librarian and attended post-graduate courses in review of family practice. He was then placed on a work furlough and on parole and was discharged from parole on April 9, 1979. The California license to practice medicine was reinstated by its Board of Medical Quality Assurance on August 19, 1981, subject to appellant's completion of a five year period of probation upon certain conditions. In its order, the California Board found: "VII Petitioner is no longer on parole and has achieved a sufficient degree of rehabilitation to warrant the restoration of his license, on appropriate conditions of probation to become effective if and when he returns to California to practice medicine."

During the hearing before the AHC, numerous letters were offered and received, without objection, on appellant's counsel's statement, "Let the record show those, of course, would only go to the recommendation that this Commission would make and finding after it makes a finding of violation." These letters from various medical practitioners, officials and citizens in both Missouri and California attest to appellant's high medical ability, good moral character, all relating to his rehabilitation. Respondent says the letters are strictly hearsay. Ordinarily, such letters would be inadmissible hearsay, but here they were not objected to, so they became subject to consideration by the AHC of the facts therein stated. *Denton Const. Co. v. Missouri State Highway Com'n,* 454 S.W.2d 44, 48[1] (Mo.1970); see also, G___ M___ H___ v. J___ L___ H___, 700 S.W.2d 506 (Mo.App.1985); *Wray v. Schwitzer Co.,* 615 S.W.2d 646 (Mo.App.1981); and *State v. Saitz,* 425 S.W.2d 96, 99–100 (Mo.1968).

On June 14, 1982, the AHC issued its Statement of the case, Findings of Fact, Conclusion of Law and Decision. It found that appellant was convicted in the Superior Court of Contra Costa County, California, on June 30, 1976, for the felony of possession and sale of controlled substances. His license as an osteopathic physician and surgeon was revoked on December 15, 1976, by the California Board of Medical Quality Assurance, which license was reinstated on August 21, 1981, which included certain terms and conditions of probation for a five year period. [According to the order of that Board, the five year period of probation was to commence to run when and if and when, after notifying the Division in writing in advance, appellant resumes the practice of medicine and surgery in California.] It was found further that after his conviction and prior to his reinstatement, various officials from the California Department of Corrections under California Penal Code Section 1168 attempted to have the Superior Court of Contra Costa County reconsider appellant's condition. As part of the information presented to the Superior Court, the officials of the California Department of Corrections noted that appellant had never been previously convicted of any criminal offense; that his arrest took place prior to the sale of scheduled pharmaceuticals

which the State of California contended were to be sold improperly; that absent the intent to make an improper sale, appellant had legal possession of the controlled substances involved; that he did not appear to be a potential danger to the public; that he had been of benefit to the Department of Corrections during his incarceration and that certain officials of the Department of Corrections believed that he was not guilty of the crime for which he was convicted. [It does not appear what, if any, action was taken on the request for reconsideration, and so far as this record shows, the California conviction still stands.] At the time of the AHC's decision, appellant was practicing as an osteopathic physician in the communities of Sturgeon and Centralia in Boone County, Missouri.

It was concluded that the Board had proved the specifications of its complaint that he had been convicted of a crime connected with the practice of his profession and that his license to practice healing arts in California had been revoked, and the decision was that because of that proof, he was subject to being placed on probation or his license to practice healing arts in the State of Missouri is subject to suspension or revocation. The AHC then recommended that appellant be placed on probation for a period of five years on the same terms and conditions as specified by the Division of Medical Quality, Board of Medical Quality Assurance of the State of California.

The matter then came on for hearing before respondent on October 9, 1982, and on October 15, 1982, respondent entered an order revoking appellant's license, noting, "It appears that the conviction of a felony in the State of California and the revocation of [appellant's] license to practice medicine in the State of California is grounds for which [his] license to practice the healing arts in the State of Missouri can be suspended or revoked under the provisions of § 334.100, RSMo 1986. As it appears that [appellant] is not now practicing in the State of Missouri, and has no present plan to practice here and he has offered no substantial justification, mitigation, or showing of rehabilitation for the aforemen-

tioned offenses; * * *." Appellant filed his petition for review in the Circuit Court of Cole County, Missouri, on November 12, 1982, and on October 9, 1986, respondent's order was affirmed as being "lawful and reasonable in all respects, and is supported by competent and substantial evidence upon the record as a whole." Notice of appeal was timely lodged in this court.

In the record of the Decision of the California Board of Medical Quality Assurance of June 11, 1981, which was filed with the AHC here, and which restored appellant's license subject to probation, it found that he was also licensed in Missouri; in May, 1980, he settled in a small rural community in Missouri and began to establish himself as a family practitioner; in due course he built up a good reputation, made friends, found rewarding extracurricular activities, and provided better medical care than the population of the area had been receiving. He completed a substantial number of hours of continuing education, developed a different attitude toward the use of drugs in the treatment of obesity as well as generally, and intends to remain in his present situation for the time being. However, his future is threatened by proceedings recently brought against his license in Missouri, and based on the disciplinary action taken against his California license; and "VII Petitioner is no longer on parole and has achieved a sufficient degree of rehabilitation to warrant the restoration of his license, on appropriate conditions of probation to become effective if and when he returns to California to practice medicine." It does not appear in the record here when appellant returned to California so as to start the five year period of his probation there, but it must have been a short time before his hearing before respondent Board.

Appellant contends that the Board erred in revoking his license in that he offered substantial evidence of rehabilitation; the recommendation of the Administrative Hearing Commission was probation; and the Board failed to consider any of these circumstances of the case including appellant's record since his conviction thereby

abusing its discretion. Appellant also says that the act of revocation of his license is unsupported by any evidence upon the whole record. The Board contends that appellant did not offer substantial evidence of rehabilitation; the AHC recommendations are not binding; and it did not fail to consider the circumstances of the case including appellant's record of his conviction and therefore did not abuse its discretion; and the revocation is supported by evidence on the whole record.

Section 621.110 RSMo 1986 does provide that the recommendations as to appropriate disciplinary action shall not be binding upon the agency. This statute further provides that after the hearing (on the issue of disciplinary action) the agency may order any disciplinary measure it deems appropriate and which is authorized by law. Under § 334.100.3, RSMo 1986, one of these is revocation of the license where the AHC has found (as here) that grounds for disciplinary action are met, a 1976 conviction of a crime in California related to the practice of his profession. The Board says that since this matter was established and was authorized by § 334.100, it is lawful and should not be overturned. Ordinarily, that would be true where there is a single act of conviction of a crime related to the practice of the profession without any extenuating circumstances. Note § 334.103 RSMo., (L.1986, H.B. No. 1029, § 1) *now* providing for automatic revocation of a license at the time the final trial proceedings are concluded where a physician has been found guilty. Of course, here, appellant's revocation proceedings were not begun until long after his 1976 California conviction.

The Board says that appellant's reliance on *State Board of Registration for Healing Arts v. Finch,* 514 S.W.2d 608, 615 (Mo.App.1974), is misplaced because that was a licensure case, not one of revocation of a license as here. The court did there differentiate between the *procedures* for licensure as distinguished from revocation proceedings, in that, in an application for a license where there has been a refusal to license, the applicant may file a complaint with the AHC, which then holds an evidentiary hearing on the issue of qualifications,

and make conclusions of law as to whether the applicant should be considered an eligible candidate. Under the Finch decision and the there cited case of *State ex rel. American Institute of Marketing Systems, Inc. v. Missouri Real Estate Commission,* 461 S.W.2d 902 (Mo.App.1970), under now § 621.110, the Board has lost all statutory authority to conduct evidentiary hearings on qualifications of applicants for licensure. In contrast, in revocation proceedings, the Board itself may file a complaint with AHC under § 621.100, and then a fact finding hearing is had before AHC before the Board is called upon to exercise a discretion.

Under § 621.135, RSMo 1986, the provisions of chapter 536 shall apply to and govern the proceedings of the AHC and the rights and duties of the parties involved. Section 536.140, RSMo 1986, provides that the inquiry on review may extend to a determination of whether the action of the agency: "(3) Is unsupported by competent and substantial evidence upon the whole record; (6) Is arbitrary, capricious or unreasonable; and (7) Involves an abuse of discretion." The statute does not differentiate in the application of its criteria between a discretion to be exercised in licensure cases and revocation cases. An abuse of discretion may be found in either case by adverting to the substantial evidence adduced before the AHC, and of course, any additional evidence given before the Board when it is called upon to exercise a discretion under § 621.110.

In the *Finch* case, supra, page 616[8], the court said, "The loftiest goal of penology is rehabilitation of the fallen member of society, and the courts have been highly sympathetic to that goal and have been strongly inclined to give effect to sincere rehabilitation when it occurs." Note also, in this regard, the Oklahoma and New York cases cited. What the Board here has done is to ignore the facts and circumstances of appellant's rehabilitation, including his services to the California penal institution; his attendance at post graduate courses to renew his medical practice; the reinstatement of his California license to

practice medicine; the letters from medical practitioners, officials and citizens of Missouri and California attesting to his high medical ability, and good moral character relating to his rehabilitation; that, in 1980, on returning to Missouri, he practiced his profession in the small communities of Sturgeon and Centralia, where he began to establish himself as a family practitioner, built up a good reputation, made friends, found rewarding extracurricular activities, and provided better medical care than the population of the areas had been receiving. Furthermore, appellant has completed a number of hours of continuing education, and has developed a different attitude toward the use of drugs in the treatment of obesity as well as generally.

This case is not one of a single subjective fact, that of appellant's California conviction, conclusive in itself, which should bar him from practicing his profession. Rather, the objective standards, replete in the record, of appellant's rehabilitation, which are undisputed, may be used to determine, *under the particular facts here,* whether the Board abused its discretion in revoking his license. This court holds that there was such an abuse. See *Biggs v. Biggs,* 397 S.W.2d 337, 343 (Mo.App.1965). The Board has also violated subsection (3) of § 536.140, in that it determined that appellant had not offered substantial justification, mitigation or showing of rehabilitation for the aforementioned offenses.

The judgment is reversed, and the case is remanded to the State Board of Registration for the Healing Arts, with directions to set aside appellant's license revocation upon such terms of probation as may be deemed appropriate.

All concur.