**SHADOW LAKE OF NOEL, INC.,**
Petitioner–Appellant,

v.

**SUPERVISOR OF LIQUOR CONTROL,**
Respondent–Respondent.

No. 19401.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 25, 1995.

Abe R. Paul, Paul Law Firm, Pineville, for petitioner-appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., M. Melissa Manda, Asst. Atty. Gen., Jefferson City, for defendants-respondents.

SHRUM, Chief Judge.

Shadow Lake of Noel, Inc., appeals from a judgment of the McDonald County Circuit Court that affirmed the findings and orders of the Missouri Administrative Hearing Commission ("AHC"), and the Supervisor of Liquor Control ("Supervisor"). The Supervisor's order revoked Shadow Lake's liquor license for violation of regulations.

On appeal, Shadow Lake contends that the trial court erred as a matter of law in not finding that Supervisor abused his discretion in assessing punishment by revoking Shadow Lake's license. We disagree and affirm.

Shadow Lake operated a tavern at Noel, Missouri, that was licensed by the State of Missouri to serve retail liquor by the drink. The record reveals that on July 16, 1989, Shadow Lake conducted and sponsored a "homemade bikini contest" upon its premises.

During the contest, "six to eight" female participants displayed their breast areola, pubic hair, anus, genitals, or buttocks in whole or in part. These acts occurred at least twenty-two times. Additionally, the crowd substituted lyrics to a song with the phrase "get laid, get fucked," and the contest emcees called the patrons "assholes." Shadow Lake took little, if any, action to prevent any of the conduct. In its brief, Shadow Lake concedes as much, saying: "Appellant [Shadow Lake] has always admitted that it used extremely poor judgment and exercised poor control over the event."

A complaint was filed against Shadow Lake regarding the incident. On June 8, 1990, Supervisor issued an order revoking Shadow Lake's liquor license, due to twenty-two counts of lewdness in violation of 11 CSR 70–2.130(14) and one count of improper acts in violation of 11 CSR 70–2.130(13). Shadow Lake timely appealed from the Supervisor's order and sought a hearing before the AHC.

The matter then came on for hearing before the AHC on October 11, 1990. Shadow Lake's attorney was present and participated in the hearing. On December 14, 1990, AHC issued its findings of facts and conclusions of law in which it found that the Supervisor had established cause to discipline Shadow Lake's license for allowing an improper act and acts of lewdness to be committed upon the li-

censed premises. Moreover, it noted that "the Supervisor was more than justified in his revocation of this license."

On February 5, 1991, Supervisor held an evidentiary hearing "to determine the appropriate disciplinary action." Abe Paul, owner of Shadow Lake, was present and testified about the remedial measures undertaken by Shadow Lake in the subsequent operation of the business, including changes in the ownership and management of the firm. Additionally, he testified that Shadow Lake is an essential part of Noel's business community and that revocation of its license would adversely impact the tourist economy of that area.

On April 15, 1991, Supervisor entered its order finding that Shadow Lake acted in violation of 11 CSR 70–2.130(13)(14) and revoked its liquor license.

On May 2, 1991, Shadow Lake filed a petition for review with the Circuit Court of McDonald County. A "Second Amended Petition" containing two counts was filed on January 10, 1992. Count I asked that the circuit court "review the evidence herein, and the findings of fact and conclusion[s] of law of the [AHC] as well as the Supervisor ... and the Order entered by [him] and upon review of all the evidence find that [Shadow Lake] ... is not subject to revocation as imposed by the Supervisor...." Count II sought to permanently enjoin Supervisor from revoking Shadow Lake's liquor license.

On December 13, 1993, the trial court held an evidentiary hearing at which nine exhibits offered by Shadow Lake were admitted in evidence. Counsel for Shadow Lake said, "[W]e ... offer those in support of the contention that the imposition of revocation of [Shadow Lake's] license ... was an abuse of discretion by the Supervisor." The exhibits were identified as files of the attorney general and from "the Division" regarding other licensees who were allegedly punished less severely for offenses similar to those of Shadow Lake.

Supervisor's lawyer objected to introduction of the files, saying that Shadow Lake had the opportunity to adduce evidence "concerning the degree of discipline imposed" at the agency level, but "declined to do so." She insisted that Shadow Lake should have placed the exhibits in evidence at the administrative agency level of the proceeding. Finally, she objected that "it's new evidence which should not be admissible in this proceeding because ... under Chapter 536 ... additional evidence is only admissible should this Court find that it was not available to be made a part of the record after due diligence by [Shadow Lake]." Her objections were overruled.

On January 5, 1994, the trial court entered the following judgment without an accompanying memorandum, findings of fact or conclusions of law.

"[A]fter being fully advised in the premises, the Court does hereby affirm the order revoking license described in Count I and rules in favor of [Supervisor] and against [Shadow Lake] on Count II of the Petition."

This appeal followed.

■ An appellate court opinion should be limited to those questions essential to a proper disposition of the appeal. *State ex rel. Ellsworth Freight Lines, Inc. v. State Tax Com'n of Missouri,* 651 S.W.2d 130, 133[8] (Mo. banc 1983), *cert. denied,* 465 U.S. 1001, 104 S.Ct. 1019, 79 L.Ed.2d 223 (1984). With that principle firmly in mind, we turn to Shadow's Lakes only claim of trial court error. It reads:

"The trial court erred as a matter of law in finding that [Shadow Lake] failed to meet its burden of proof that the Supervisor ... committed an abuse of his discretion in revoking the liquor license of [Shadow Lake] in that [Shadow Lake] proved by clear and convincing evidence that the revocation of [its] liquor license was an abuse of discretion considering the nature of the violation, compared to other discipline or penalties imposed by the Supervisor for like or similar violations."

■ Shadow Lake's point clearly misinterprets the role of both the circuit court and

this court when reviewing an administrative agency contested case. The nature of the hearing before the circuit court was one of review, not *de novo*. *See Lorenz v. City of Florissant, Mo.*, 747 S.W.2d 222, 227 (Mo. App.1988). "Judicial review of administrative decisions is limited to matters that arose before the administrative agency and deals only with questions of law that appear on the face of the record, thus precluding consideration of evidence other than that before the agency." *Id.* at 227[2] (citing *Gore v. Wochner*, 558 S.W.2d 333, 334[2] (Mo.App.1977)).

■ Such limitation is imposed by § 536.140, RSMo 1986, which reads in pertinent part:

"**536.140. Scope of judicial review—judgment—appeals.—**

1. *The court shall hear the case* without a jury and, *except as otherwise provided in subsection 4,* shall hear it *upon the petition and record filed as aforesaid.*

2. The inquiry may extend to a determination of whether the action of the agency

. . . .

(7) Involves an abuse of discretion."

(Emphasis added). The emphasized language of § 536.140 quoted above provides the statutory basis for the "general rule" that restricts circuit courts and, in turn, confines appellate courts, to reviewing a contested agency case upon the "petition and record" filed.[1] *Ross v. Robb*, 651 S.W.2d 680, 681 (Mo.App.1983).

■ Here, Shadow Lake's point is premised on evidence that was never pre-

sented to the AHC or the Supervisor, i.e., the nine files relating to punishment of other licensees. Shadow Lake offers no explanation why it failed to present this evidence at the hearing before the AHC, or at the final disciplinary hearing conducted by the Supervisor. While § 536.140.2(7) clearly contemplates judicial review for abuse of agency discretion, in performing that review a court must advert "to the substantial evidence adduced before the AHC, and of course, any additional evidence given before the [agency] when it is called upon to exercise a discretion under § 621.110." *Gard v. State Board of Registration for the Healing Arts*, 747 S.W.2d 726, 729 (Mo.App.1988). In this case, the trial court should not have considered the exhibits and we find no indication that it did so.

As the nine exhibits were not properly part of the record being reviewed by the circuit court and as there was no other evidence adduced at the hearings before the AHC or the Supervisor regarding Supervisor's punishment of other licensees, the circuit court did not err as charged by Shadow Lake.

■ As we observed in note 1, none of the circumstances mentioned in § 536.140.4 for supplementing the circuit court record exist in this case. Nonetheless, if the "unfairness by the agency" exemption of § 536.140.4 did authorize the trial court to enlarge the record with the nine exhibits—a view we reject—we remain unpersuaded that the trial court erred as charged. "On appeal, a trial court judgment is presumed valid," *Delaney v. Gibson*, 639 S.W.2d 601, 604[4]

---

1. We say "general rule" because the "subsection 4" exception mentioned in § 536.140.1 provides for supplementation of the circuit court record under specified circumstances. Section 536.140.4 reads in pertinent part:
"4. Wherever ... the court is entitled to weigh the evidence and determine the facts for itself, the court may hear and consider additional evidence if the court finds that such evidence in the exercise of reasonable diligence could not have been produced or was improperly excluded at the hearing before the agency. Wherever the court is not entitled to weigh the evidence and determine the facts for

itself, if the court finds that there is competent and material evidence which, in the exercise of reasonable diligence, could not have been produced or was improperly excluded at the hearing before the agency, the court may remand the case to the agency with directions to reconsider the same in the light of such evidence. The court may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record."
None of the specified circumstances listed in § 536.140.4 exist in this case.

(Mo. banc 1982), and the burden is on appellant to demonstrate incorrectness of the judgment. *Id.* When exhibits are omitted from the transcript and are not filed with the appellate court, the intendment and content of the exhibits will be taken as favorable to the trial court's ruling and as unfavorable to the appellant. *Spencer v. Spencer,* 865 S.W.2d 824, 826[3] (Mo.App.1993). To the same effect, *see In re Marriage of Gourley,* 811 S.W.2d 13, 16 n. 2 (Mo.App.1991).

■ Here, the nine exhibits that Shadow Lake asserts are evidence of Supervisor's abuse of discretion are not filed with this court. The unfiled exhibits are taken by this court as favorable to the trial court's ruling and as unfavorable to Shadow Lake. Point denied.

The judgment is affirmed.

FLANIGAN and MONTGOMERY, JJ., concur.