**CITY OF SPRINGFIELD, Missouri, Respondent,**

v.

**Adolph BELT, Jr., Appellant.**

**No. SC 90324.**

Supreme Court of Missouri,
En Banc.

March 2, 2010.

Rehearing Denied April 20, 2010.

Jason T. Umbarger, Springfield, MO, for appellant.

Johnnie J. Burgess, Assistant City Attorney, Springfield, MO, for respondent.

MICHAEL A. WOLFF, Judge.

This is a $100 case. But sometimes, it's not the money—it's the principle. When Adolph Belt, Jr., a 30–year veteran of the Missouri State Highway Patrol and a former Kansas City police officer, received a notice that his car had been photographed running a red light in Springfield, he did not take the matter lightly. Undeniably a traffic expert, Belt timed the yellow caution light at the intersection and found that it was rather quick. He also concluded that the stoplight and the cameras needed to be synchronized.

The Springfield city code provides that hearings for violations of this ordinance are to be heard in an administrative proceeding. In Belt's proceeding, the hearing examiner denied Belt's challenge to his citation and found him liable for the prescribed $100 penalty. Belt then appealed, requesting a trial *de novo* before the circuit court. The circuit court dismissed the request for a trial *de novo*, finding it had no jurisdiction to hear the appeal. Belt now appeals the circuit court's dismissal, arguing he is entitled to a trial *de novo* for a municipal ordinance violation.

Violations of municipal ordinances such as this one cannot be determined administratively but must be heard in a division of the circuit court. Section 479.010, RSMo Supp.2009.[1] The administrative proceeding is void, and Belt's $100 penalty is vacated.

### Facts and Procedural History

The city of Springfield notified Belt in July 2008 that on April 10, 2008, a motor vehicle registered in his name had been photographed running a red light by a red light traffic camera. In the "Citation Traffic Signal Violation" issued to Belt, the city alleged that the "[r]ecord images" of his car were "evidence of a violation of Springfield City Code 106–161 [2] ...." The citation

---

1. All statutory references are to RSMo Supp. 2009, unless otherwise indicated.

2. Springfield city code section 106–161(d) provides:

The owner or operator of a vehicle which is photographed by the automated traffic control system while in violation of section 106–166 shall be mailed a written notice of violation indicating the commencement of an action under this chapter. Within 30 days of the issuance of the notice of violation, a vehicle owner who receives a notice of violation that will be supported by evidence from the automated traffic control system record must either pay the civil penalty as set forth in this chapter or request an administrative hearing.... The hearing examiner, as appointed by the city manager, shall take evidence and determine if the facts support a finding of a violation. If the hearing examiner finds a violation occurred, an order shall be entered consistent with the remedies set forth in this chapter. The order of the hearing examiner shall be considered the same as an order of a municipal judge for purposes of enforcement of the order....

Section 106–155(5) further provides that "[i]f a violation ... is enforced through the use of an automated red light traffic enforcement

provided that Belt either could pay the $100 fine or contest the citation. To contest the citation, Belt was required "to request a *court* date" and that if he chose to "appear in *court*, the minimum amount [he could] be charged is a $100.00 penalty." (Emphasis added.)

Following Belt's request for a court date, he received a "Notice of Contested Hearing on Photo Redlight Violation," which stated that he would have a contested hearing on August 1, 2008, at the "Springfield Municipal Court." If he wished to receive a continuance, the application to do so would have to be made directly to the court. The notice further informed Belt that "Article X of the Land Development Code" and "Chapter 536 of Missouri Revised Statutes" provided the relevant law governing administrative hearings. The notice also stated that if he failed to appear and contest the case, "the Hearing Officer [would] likely enter a judgment against [him]" and that "the City [would] be represented by the Office of the Municipal Prosecutor."

At his hearing,[3] Belt contended that the yellow light was displayed for fewer than 4.5 seconds and that "the [stop]light and the cameras need[ed] to be synchronized." He filed an affidavit stating that he had

experience and knowledge of traffic accidents from working five years for the Kansas City police department and 30 years as a Missouri State Highway Patrol officer. He also stated that he personally had observed the traffic light's cycle at the intersection where the pictures had been taken of him and, at the time that they had been taken, his stopwatch indicated that the yellow caution-light cycle was 3.5 to 3.8 seconds on one date and 3.5 to 3.38[sic] seconds on three other dates.[4]

Belt's hearing was presided over by a person who also holds the position of Springfield municipal judge, Todd M. Thornhill. However, Thornhill signed the "Findings of Fact and Conclusions of Law" as "Hearing Examiner." Thornhill found that the city had shown "by a preponderance of the evidence that the vehicle was being operated in violation of the red light ordinance and that [Belt] is the owner of the vehicle" under section 106–161(d)(1). He further found no evidence supported Belt's assertion that the yellow light was displayed for fewer than 4.5 seconds. He therefore imposed a $100 penalty against Belt.

Belt then filed an "Application for Trial de Novo" requesting a *de novo* appeal of Thornhill's determination.[5] Thereafter,

---

system, then the penalty shall be punishable by a fine in an amount not less than $100.00 and shall be a civil, non-point penalty...."

3. Belt's hearing was held on September 5, 2008, because he requested a continuance from his originally scheduled August 1, 2008 hearing.

4. The record indicates that Belt found several articles about the problems associated with reduced timing for yellow lights. One article indicated that when red light cameras are installed, the timing of yellow lights often is reduced to "trap[ ] motorists." *Tennessee: Refunds for Photo Tickets on Short Yellow*, online at http://www.thenewspaper.com/news/22/2269.asp (all Internet materials accessed Feb. 25, 2010, and available in the clerk of Court's case file). Another article he found

stated that a study in Texas had found that adding an additional second to yellow lights corresponded to a 40–percent reduction in crashes. *Study: Longer Yellows Reduce Crashes (Texas Transportation Institute)*, online at http://www.thenewspaper.com/news/02/243.asp. Even so, the city of Springfield had chosen to reduce its yellow-light timing at more than 100 intersections prior to starting red light camera ticketing. *Missouri: City Lowers Yellow Light Time Before Installing Cameras*, online at http://www.thenewspaper.com/news/17/1759.asp.

5. Belt also filed a petition for judicial review pursuant to the Missouri Administrative Procedure Act (MAPA). *See* chapter 536.

the city filed multiple motions to dismiss in which the city questioned the circuit court's subject matter jurisdiction to grant a trial *de novo* in a case in which there had been an administrative decision issued by a hearing examiner as opposed to a criminal conviction by a municipal court division.[6] The circuit court sustained the city's motion to dismiss with prejudice, entering a "Judgment of Dismissal" in which it found that it "lack[ed] jurisdiction to hear a Request for Trial de Novo in this matter." After opinion in the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

## Analysis

Belt argues that because he was charged with a municipal ordinance violation for which a fine was assessed and was "tried" before a person who is a municipal judge, he is entitled to a trial *de novo* under section 479.200, RSMo 2000.[7] The city responds that because it instituted an administrative action against Belt under the Missouri Administrative Procedure Act, all of chapter 479, including section 479.200, is inapplicable to Belt's case.

■ Section 479.010 provides that "[v]iolations of municipal ordinances shall be heard and determined only before divisions of the circuit court as hereinafter provided in this chapter." Under chapter 479, a city with a population of less than 400,000, such as the city of Springfield, may elect where the violations of its municipal ordinances may be heard and determined. However, section 479.040 outlines the choices from which the city may choose: The city may choose to have the violations heard and determined by an associate circuit judge of the circuit in which it is located, by a municipal judge or at a county municipal court if one is created in the county where the city is situated. No provision is made for a city such as Springfield to have an administrative tribunal decide ordinance violations of this nature.[8]

The only reference in chapter 479 providing for administrative adjudication of municipal code violations is contained in section 479.011. This section provides that "[a]ny city not within a county or any home rule city with more than four hundred thousand inhabitants and located in more than one county may establish ... an administrative system for adjudicating parking and other civil, nonmoving municipal code violations." At present, this would allow only the cities of Kansas City and St. Louis to create such an administrative system. Further, the administrative system at issue here is created for a violation of a red light ordinance, which typically is considered a moving violation. *See*

6. " '[M]unicipal courts'—though they are funded by municipal governments and can be served by judges appointed locally—are divisions of the circuit court." *State v. Severe*, 307 S.W.3d 640, 2010 WL 97997, at *3 n. 6 (Mo. banc 2010) (citing Mo. Const. art. V, secs. 23 and 27).

7. Section 479.200.2 provides that "[i]n any case tried before a municipal judge who is licensed to practice law in this state ... the defendant shall have a right of trial de novo before a circuit judge or upon assignment before an associate circuit judge."

8. Where authorized by statute, municipalities do have some power to adjudicate certain ordinance violations administratively. For example, zoning problems typically are resolved at the administrative level. *See City of St. Ann v. Elam*, 661 S.W.2d 632, 634 (Mo. App. 1983). The procedure to do so has been created by statute. For example, sections 89.080 and 89.090 allow a local legislative body to create a board of adjustment to hear and decide appeals concerning decisions made by an administrative official in the enforcement of certain zoning regulations and ordinances. Decisions by the board of adjustment then can be appealed to the circuit court. Section 89.110.

Barbara C. Salken, *The General Warrant of the Twentieth Century? A Fourth Amendment Solution to Unchecked Discretion to Arrest for Traffic Offenses*, 62 TEMP. L. REV. 221, 270 (1989).

■ In this case, the city of Springfield has created an administrative system to prosecute violations of Springfield city code section 106–161, a municipal ordinance. If the owner of the vehicle that ran the red light chooses to have a "court date," the proceeding is overseen by a hearing examiner, not a municipal judge.[9] This violates the statutory requirement that "violations of municipal ordinances be heard and determined only before divisions of the circuit court."[10] Section 479.010. The only administrative procedure that the legislature has set up for violations of municipal ordinances such as this one is for parking and other nonmoving violations; even then, this administrative procedure is allowed only in the cities of Kansas City and St. Louis.

### Conclusion

The hearing examiner had no authority to penalize Belt for his car's violation of the red light ordinance. The part of Springfield city code section 106–161 that provides for an administrative proceeding for violations of the section is inconsistent with Missouri's statutes. The administrative proceeding that occurred in this case

is void. *See Yellow Freight Systems, Inc.*, 791 S.W.2d at 387 (finding that because "the Mayor's Commission had no authority to determine that the respondent had violated the ordinance, . . . that determination is void").

The hearing examiner's decision penalizing Belt $100.00 for violating city code section 106–161 is vacated.[11]

All concur.

---

9. In this case, the hearing examiner also happened to be a municipal judge. It appears that this would violate the statutory provision prohibiting municipal judges from holding any other office in the municipality in which the municipal judge also serves as a judge. Section 479.020.6.

10. Although article VI, section 19(a) of the Missouri constitution gives a charter city "all power which the legislature is authorized to grant," the municipality does not possess any powers that are "limited or denied by the constitution, by statute, or by the charter itself." *Yellow Freight Systems, Inc. v. Mayor's Comm'n on Human Rights of the City of Springfield*, 791 S.W.2d 382, 385 (Mo. banc 1990).

11. A remand is not necessary. Rule 84.14 provides that an "appellate court shall award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, in whole or in part, *or give such judgment as the court ought to give*. Unless justice otherwise requires, the court shall dispose finally of the case." (Emphasis added.)