

# SUPREME COURT OF MISSOURI
## en banc

| | | |
|---|---|---|
| JUSTIN D. O'BRIEN, | ) | *Opinion issued December 10, 2019* |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | No. SC97656 |
| | ) | |
| DEPARTMENT OF PUBLIC SAFETY, | ) | |
| | ) | |
| Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF CLINTON COUNTY
The Honorable R. Brent Elliott, Judge

Justin O'Brien ("O'Brien") appeals the circuit court's judgment affirming the decision of the Administrative Hearing Commission ("AHC"), which found cause to discipline his license as a peace officer, and the subsequent order of the Missouri Director of the Department of Public Safety ("Director"), which permanently revoked his license. O'Brien asserts two challenges: (1) that section 590.080,[1] under which the AHC may find that cause for discipline exists if the licensee has "committed any criminal offense, whether or not a criminal charge has been filed" is invalid because it violates principles of separation of powers embodied in article II, section 1 of the Missouri Constitution; and

---

[1] All statutory references are to RSMo Supp. 2012 unless otherwise noted.

(2) that Director's order revoking his license is not supported by competent and substantial evidence. This Court has exclusive appellate jurisdiction under article V, section 3 because the case involves the constitutional validity of a statute. The judgment is affirmed.

## Background

On September 26, 2013, O'Brien, a licensed peace officer, engaged in an argument and physical altercation with his wife (from whom he now is divorced) because he believed she was having an affair. O'Brien pushed her into a wall, onto a sofa and down to the floor. He choked her and caused her to feel threatened and in danger of physical injury. At times during the fight, O'Brien's wife's four-year-old child was present. The fight ended only after O'Brien's wife sent the child to the basement to wake the wife's brother. O'Brien's wife sustained bruising and soreness as a result of O'Brien's actions. On June 3, 2014, O'Brien pleaded guilty to peace disturbance in violation of section 574.010, RSMo 2000. The imposition of sentence was suspended, and O'Brien successfully completed his probation.

Thereafter, Director sought to discipline O'Brien's license as a peace officer. The disciplinary procedure for peace officers is set forth in section 590.080, which provides:

> 2. When the director has knowledge of cause to discipline a peace officer license pursuant to this section, the director may cause a complaint to be filed with the administrative hearing commission, which shall conduct a hearing to determine whether the director has cause for discipline, and which shall issue findings of fact and conclusions of law on the matter. The administrative hearing commission shall not consider the relative severity of the cause for discipline or any rehabilitation of the licensee or otherwise impinge upon the discretion of the director to determine appropriate discipline when cause exists pursuant to this section.

2

3. Upon a finding by the administrative hearing commission that cause to discipline exists, the director shall, within thirty days, hold a hearing to determine the form of discipline to be imposed and thereafter shall probate, suspend, or permanently revoke the license at issue. If the licensee fails to appear at the director's hearing, this shall constitute a waiver of the right to such hearing.

§ 590.080.2-.3.

Following this procedure, Director (having knowledge of cause to discipline O'Brien's license under section 590.080.1) caused a complaint to be filed with the AHC. The AHC held a hearing and issued findings and conclusions stating there was cause for discipline pursuant to section 590.080.1(2)[2] because O'Brien committed two criminal offenses, i.e., peace disturbance in violation of section 574.010, RSMo 2000, and domestic assault in the third degree in violation of section 565.074. The AHC

---

[2]   Subsection 1 of section 590.080 provides:

The director shall have cause to discipline any peace officer licensee who:

(1) Is unable to perform the functions of a peace officer with reasonable competency or reasonable safety as a result of a mental condition, including alcohol or substance abuse;

(2) *Has committed any criminal offense, whether or not a criminal charge has been filed*;

(3) Has committed any act while on active duty or under color of law that involves moral turpitude or a reckless disregard for the safety of the public or any person;

(4) Has caused a material fact to be misrepresented for the purpose of obtaining or retaining a peace officer commission or any license issued pursuant to this chapter;

(5) Has violated a condition of any order of probation lawfully issued by the director; or

(6) Has violated a provision of this chapter or a rule promulgated pursuant to this chapter.

[Emphasis added.]

did not consider "the relative severity of the cause for discipline or any rehabilitation of the licensee" because section 590.080.2 makes it plain that the determination of the appropriate discipline is a matter solely within Director's discretion.

Following the AHC's decision that there was cause to discipline O'Brien's license, Director held the disciplinary hearing required by section 590.080.3. O'Brien testified regarding his military service, which included two tours in Iraq, his experience as a peace officer, his current employment as a police dispatcher, and mental health treatment he underwent for post-traumatic stress disorder. The police chief in Trimble testified that O'Brien had been commissioned as a reserve officer there, that the chief intended to make him a full-time officer, and that he had no questions concerning O'Brien's values, morals, or integrity. A 14-year police veteran and O'Brien's former supervisor testified positively regarding O'Brien's character and said the circumstances that led to the disciplinary proceedings were not typical of O'Brien and he had no concerns with O'Brien remaining a peace officer. Following the hearing, Director issued an order permanently revoking O'Brien's license as a peace officer pursuant to section 590.080.3.

O'Brien timely filed a Petition for Judicial Review in the Clinton County circuit court. The circuit court affirmed the AHC's decision and Director's order, and O'Brien now appeals that judgment.

**Analysis**

I. *Separation of Powers*

O'Brien claims section 590.080.2 is unconstitutional because it violates the principles of separation of powers set forth in article II, section 1of the Missouri

4

Constitution[3] in that this statute permits the AHC – rather than a court – to determine whether a peace officer has "committed [a] criminal offense" and, therefore, whether there is cause to discipline the officer's license. Because O'Brien's claim fundamentally misconstrues the nature of the AHC's finding, this claim is rejected and the judgment of the circuit court is affirmed.[4]

"Constitutional challenges to a statute are reviewed *de novo*." *St. Louis Cnty. v. Prestige Travel, Inc.*, 344 S.W.3d 708, 712 (Mo. banc 2011) (quotation marks omitted). "An act of the legislature carries a strong presumption of constitutionality." *Id.* (quotation marks omitted). "The person challenging the validity of the statute has the burden of proving the act clearly and undoubtedly violates the constitution." *Id.* (quotation marks omitted).

O'Brien argues section 590.080.1(2) violates the separation of powers provision because it authorizes an executive branch agency (i.e., the AHC) to determine whether a peace officer has "committed any criminal offense," which O'Brien contends is a determination only courts can make. The fatal flaw in this argument, however, is that it

---

[3]  Article II, section 1 of the Missouri Constitution provides:

> The powers of government shall be divided into three distinct departments – the legislative, executive and judicial – each of which shall be confided to a separate magistracy, and no person, or collection of persons, charged with the exercise of powers properly belonging to one of those departments, shall exercise any power properly belonging to either of the others, except in the instances in this constitution expressly directed or permitted.

[4]  Ordinarily, this Court reviews the agency decision rather than that of the circuit court. *Bird v. Mo. Bd. of Architects, Pof'l Eng'rs, Prof'l Land Surveyors & Landscape Architects*, 259 S.W.3d 516, 520 (Mo. banc 2008). With respect to O'Brien's constitutional challenge to section 590.080.2, however, this Court reviews the circuit court judgment finding the statute

misperceives the nature of the AHC's role under that statute. Under section 590.080.1(2), the AHC is authorized only to make a particular *factual* determination, i.e., whether a peace officer has engaged in conduct that Missouri statutes identify as a criminal offense. It cannot convict the officer of that offense, nor can it subject the officer to the criminal punishments applicable to that offense. Only courts can do these things. Nothing in section 590.080.1(2) authorizes the AHC to intrude upon the exclusive province of the courts. Accordingly, nothing in section 590.080.1(2) violates the separation of powers provision.

There is nothing particularly novel in this distinction. In *Younge v. State Board of Registration for Healing Arts*, 451 S.W.2d 346, 348-49 (Mo. 1969), this Court rejected a licensee's argument that state and federal protections against double jeopardy would not permit the Board to discipline his license for conduct that also had been the basis of a criminal charge on which he was acquitted by a jury. The Court noted the purpose of the statute authorizing revocation of the physician's license, like all licensing statutes, was to protect the public by safeguarding public health, not to impose punishment on the physician. *Id.* at 349. Specifically, when rejecting the double jeopardy claim, the Court held: "These revocation proceedings are not penal, they are not 'quasi-criminal,' they do not contemplate 'punitive' sanctions and the provisions against double jeopardy do not apply. The appellant is not being tried again for the same 'offense.' *He is not, in fact, being tried for any offense*.'" *Id.* (emphasis added).

---

constitutional because the AHC lacks authority to decide whether a statute is unconstitutional. *Cocktail Fortune, Inc. v. Supervisor of Liquor Control*, 994 S.W.2d 955, 957 (Mo. banc 1999).

6

O'Brien relies heavily on *City of Springfield v. Belt*, 307 S.W.3d 649, 653 (Mo. banc 2010), in which this Court held the City could not create an administrative system to adjudicate traffic light violations. There was no constitutional challenge in *Belt*, however, and it does not support O'Brien's argument. Under section 479.040, RSMo 2000, the City had the option of having these ordinance violations tried in its municipal division of the circuit court if it chose to create one, or in an associate division of the circuit court if it did not. *Id.* at 652. Because no statute gave it the option of creating an administrative procedure for adjudicating these cases, its efforts to do so were void. *Id.* at 653.

In the present case, on the other hand, section 590.080.1(2) expressly gives the AHC authority to determine if a peace officer has engaged in conduct that constitutes a criminal offense as one of several bases for finding that cause exists for Director to discipline the officer's license. Section 590.080.1(2) is wholly consistent with the AHC's fact-finding role and, because it does not authorize the AHC to adjudicate the licensee's criminal liability for that conduct or to impose criminal punishments, nothing in that statute violates the separation of powers provision.

## II.    *Competent and Substantial Evidence*

In his second point relied on, O'Brien argues the Director erred in revoking his license because:

> the decision is unsupported by competent and substantial evidence upon the whole record, reviewable under § 536.140.2(3) RSMo[], in that professional discipline is not punishment and there is uncontroverted evidence in the record that O'Brien's prior service, psychological rehabilitation, and knowledge, skills and abilities make him fit to continue in the profession.

7

Even though this point presents only the claim that there was insufficient competent and substantial evidence upon the whole record to support Director's decision to revoke his license, O'Brien devotes most of the argument portion of his brief on this point – not to the idea that the evidence failed to support the AHC's finding he had committed a criminal offense – but to the idea that it was an abuse of discretion for Director to permanently revoke his license rather than impose some lesser discipline.[5] These are separate and distinct arguments, and the latter cannot be argued under a point relied on asserting the former.[6] As a result, the only argument properly before the Court is O'Brien's claim that Director's decision was not supported by competent and substantial evidence on the record as a whole.

In reviewing this claim, this Court reviews Director's (and the AHC's) decision, not the circuit court's judgment. *Bird*, 259 S.W.3d at 520. The Court defers to credibility

---

[5] In fact, O'Brien concludes the argument in support of his second point relied on with the following: "On this record, and considering *Boyd*, *Wasem*, *Gard*, and the other cases cited in this section, the decision to permanently revoke O'Brien's license was an abuse of discretion." Brief at 28. *See also* Brief at 24 ("To determine if the penalty assigned by the agency is an abuse of discretion, a reviewing court must look to see if the agency's decision is against the logic of the circumstances, and indicates a, lack of careful consideration.") (quotation marks omitted).

[6] *Bird* is not to the contrary. There, even though the licensee's petition for judicial review merely parroted the language of section 621.145 without any facts or particularity as to the arguments being asserted, this Court held "Bird's petition and other submissions provided the circuit court with a sufficient basis upon which to review the decision of the AHC and the board. That is all that section 536.110 requires." *Bird*, 259 S.W.3d at 522 (citation omitted). Indeed, not only did *Bird* not hold that the presentation requirements for points relied on in Rule 84.04(d) were inapplicable to appeals involving judicial review of administrative decisions, this Court in *Bird* specifically cited the role that points relied on and Rule 84.04(d) play in identifying and narrowing the issues in such appeals. *Id.* at 521-22 ("After the circuit court judgment is rendered, the court's decision can be appealed as in other civil cases. On such appeals, the appealing party sets forth the legal issues he wishes to raise in the 'points relied on' section of

8

determinations made at that agency level; it may not reweigh the evidence and must not

substitute its own judgment or discretion for that licensing agency. *Psychcare Mgmt.,*

*Inc. v. Dep't of Soc. Servs., Div of Med. Servs.*, 980 S.W.2d 311, 312 (Mo. banc 1998).

Before Director could decide whether to revoke O'Brien's license or impose some

lesser discipline, the AHC needed to have found that there was cause for discipline.

§ 590.080.2-.3. The AHC found O'Brien committed the offense of peace disturbance in

violation of section 574.010, RSMo 2000,[7] and the offense of third-degree domestic

assault in violation of section 565.074.[8] These findings were supported by competent and

substantial evidence on the record as a whole. First, there was evidence that O'Brien

committed the offense of peace disturbance because the evidence showed he knowingly

and unreasonably disturbed or alarmed his wife by engaging in a physical altercation or

---

the appellate brief as required by Rule 84.04(d). The appellate court, as noted, then reviews the decision of the AHC and the board, not the judgment of the circuit court.").

[7] Under section 574.010.1, RSMo 2000, a person commits the offense of peace disturbance if "[h]e unreasonably and knowingly disturbs or alarms another person or persons by … [f]ighting[.]"

[8] Under section 565.074.1:

> A person commits the crime of domestic assault in the third degree if the act involves a family or household member, including any child who is a member of the family or household, as defined in section 455.010 and:
>
> (1) The person attempts to cause or recklessly causes physical injury to such family or household member; or
>
> …
>
> (3) The person purposely places such family or household member in apprehension of immediate physical injury by any means; or
>
> …
>
> (5) The person knowingly causes physical contact with such family or household member knowing the other person will regard the contact as offensive[.]

9

"fight" with her, including hitting her, choking her, and pushing her down several times.[9] The AHC found O'Brien's testimony that his wife was the aggressor was not credible. Second, this same evidence shows that O'Brien committed the offense of third-degree domestic assault by attempting to cause or recklessly causing his wife physical injury when he choked and pushed her.

Once the AHC found cause for disciplining O'Brien's license, section 590.080.2 provides Director has discretion to determine the appropriate discipline, and section 590.080.3 provides Director "shall probate, suspend, permanently revoke the license at issue." As noted above, most of O'Brien's argument is devoted to his contention that Director's decision was an abuse of discretion, i.e., whether Director "should" have imposed a lesser discipline rather than permanently revoking his license. But the question in a competent and substantial evidence challenge, which is the only claim properly before the Court, is not whether Director "should" have imposed a lesser discipline. Instead, the question is whether Director "could" impose permanent revocation based on the record before him. The answer is yes.

O'Brien did not merely commit a criminal offense. Suspicious that his wife was unfaithful, O'Brien resorted to violence against her. He attacked his wife in their home

_____

[9] O'Brien's plea of guilty to the charge of peace disturbance is evidence because it constitutes a declaration against his interest. *Nichols v. Blake*, 418 S.W.2d 188, 190 (Mo. 1967). Nevertheless, because the wife's testimony and other evidence before the AHC regarding the fight was competent and substantial evidence to support a finding O'Brien committed the offense of peace disturbance without regard to O'Brien's guilty plea, the Court does not need to decide whether O'Brien's guilty plea alone precludes him from relitigating the issue of whether he committed that offense notwithstanding cases such as *Director, Department of Public Safety v. Bishop*, 297 S.W.3d 96, 99-100 (Mo. App. 2009) (concluding collateral estoppel did not apply under similar facts).

10

and in the presence of others, including a small child.  Disciplinary proceedings against licensees are – first and foremost – about protecting the public.  *Younge*, 451 S.W.2d at 349.  Nowhere is this obligation more important than in the licensing of peace officers.  Their profession is intensely demanding, and it requires officers to demonstrate extraordinarily good judgment reliably and a high degree of control over one's emotions continually.  Confrontations with members of the public are not merely possible, they are all too often a daily feature of the work of a peace officer.  Among the most essential attributes a peace officer must possess are the ability to decide – quickly and correctly – whether and when such a confrontation must escalate to the use of force, and the ability to calibrate accurately the least amount of force necessary to protect the officer, the other party, and the public in such a confrontation.  Faced with the responsibility of disciplining O'Brien's license and with the competent and substantial evidence that O'Brien utterly and completely failed to display any of the foregoing attributes in the attack on his wife, there was ample competent and substantial evidence on the record as a whole for Director to conclude that continuing to license O'Brien as a peace officer would not adequately protect the public.[10]

---

[10]   Nothing in *Boyd v. State Board of Registration for the Healing Arts*, 916 S.W.2d 311 (Mo. App. 1995), *Gard v. State Board of Registration for the Healing Arts*, 747 S.W.2d 726 (Mo. App. 1988), or *Wasem v. Missouri Dental Board*, 405 S.W.2d 492 (Mo. App. 1966), relied upon by O'Brien, compels a contrary conclusion.  In such a highly fact-dependent analysis as this must necessarily be, such cases – which involve dissimilar professions and dissimilar crimes (particularly crimes involving no similar degree of violence), in which different agency heads exercised their discretion in wholly dissimilar environments in order to meet their shared obligation to adequately safeguard the public – are of little persuasive value.

11

To be clear, this was not the only rational conclusion that Director could have drawn. Director could have credited O'Brien's self-serving testimony concerning his mental health issues, his treatment, and his other efforts at self-improvement. Director could have relied upon the testimony from the police chief and O'Brien's former supervisor that they were not concerned with O'Brien's fitness to serve. But Director did not have to do so and, in the end, Director chose not to, and it was on Director's shoulders that the obligation to protect the public rested.[11]

## Conclusion

For the reasons set forth above, the judgment of the circuit court, and the decisions of the AHC and Director, are affirmed.

_____
Paul C. Wilson, Judge

All concur.

---

[11] Though not properly before this Court because O'Brien failed to assert it in a point relied on in his brief, the foregoing analysis also explains why it was not an abuse of discretion for the Director to revoke O'Brien's license. The authority to choose, after careful deliberation, between two reasonable alternatives, both of which are supported by the evidence, is the essence of discretion, and this Court will not substitute its choice for the choice made by the agency head in which Missouri statutes expressly vest that discretion.